**Mervin Leon REESE, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 39727.**

Court of Criminal Appeals of Texas.

June 22, 1966.

Mays & Mays, by Chas. Mays, Jr., Fort Worth, for appellant.

Doug Crouch, Dist. Atty., Gordon Gray and Charles D. Butts, Asst. Dist. Attys., Fort Worth, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

McDONALD, Presiding Judge.

The offense is burglary; the punishment, seven years confinement in the Texas Department of Corrections.

The state's evidence establishes that the closed building of Mr. Joe Adams was broken into and entered by someone on or about April 8, 1965, and that certain numbered payroll checks were taken. The building was entered and the checks taken without the permission of the owner of this property.

The owner of the Village Market, a grocery store, testified that on April 9, 1965, appellant and a companion purchased groceries from that store and paid for them with a check identified as one taken in the burglary, and that appellant endorsed the check. When appellant was first confronted with the fact that he was in possession of recently stolen property, he made no explanation of such possession, so far as the record reflects.

Appellant's written statement was introduced into evidence without objection. In that statement, he admits acting as "lookout" while others burglarized the building, and further admits receiving part of the proceeds from payroll checks taken in the burglary and later cashed, as well as cashing one of the checks himself.

The jury was charged as to the law of principals, and the evidence is sufficient to support their verdict of guilty.

Appellant urges as error the action of the trial court in admitting his confession When the statement was offered, appellant, through his counsel, stated that he had no objection to its reception into evidence. Objection to the admissibility of the statement was first urged on motion for new trial. In the absence of timely objection, no error was preserved. Crowson v. State, Tex.Cr.App., 364 S.W.2d 698.

The judgment is affirmed.