**Harry D. STOUT, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 40852.**

Court of Criminal Appeals of Texas.

Dec. 13, 1967.

Carl Raymond Crites, San Antonio, for appellant.

James E. Barlow, Dist. Atty., Charles T. Conaway, Asst. Dist. Atty., San Antonio, Leon B. Douglas, State's Atty., Austin, for the State.

OPINION

DICE, Judge.

The conviction is for the unlawful possession of a forged instrument in writing; the punishment, three years.

Trial was before the court upon appellant's plea of guilty, a jury having been waived under the provisions of Art. 1.13 of the Vernon's Ann.Code of Criminal Procedure.

At the trial, the appellant, while testifying as a witness, made a judicial confession to the offense charged and testified that

on the date alleged he knowingly possessed the forged instrument in writing, being a check introduced in evidence as state's exhibit #1, for the purpose of passing the same as true.

Evidence was also introduced by stipulation and affidavits, under the provisions of Art. 1.15, showing appellant's guilt of the offense charged.

Three grounds of error are urged by appellant in his brief filed in the trial court.

In his first and third ground, appellant insists that he was illegally apprehended and forced to incriminate himself in violation of his constitutional rights, and that the check in question was obtained as the result of an illegal search and seizure.

No objection was made to the introduction in evidence of the instrument and it was not until appellant filed his motion for new trial that such contentions were made. It was incumbent upon appellant to have objected to the evidence when offered, and in the absence thereof his objection was waived. Erwin v. State, 171 Tex.Cr.App. 199, 350 S.W.2d 199.

No question was raised by appellant upon the main trial relative to the legality of his arrest and no evidence was offered of any incriminating statements made by him.

Miranda v. State of Arizona, 384 U.S. 436, 16 L.Ed.2d 694, 86 S.Ct. 1602, cited by appellant in his brief, has no application under the facts.

The grounds of error are overruled.

In his second ground of error, appellant insists:

"The indictment upon which conviction was obtained is fatally defective in that the charge is possession of a forged instrument, but in the body of the indictment itself, the allegation is that the defendant was in possession of a forged check, rather than a forged instrument, as elsewhere alleged."

No motion to quash the indictment was filed by appellant in the cause. We have, however, examined the indictment and find that it follows the form set out in Willson's Texas Criminal Forms, Seventh Edition, #1259, at page 305, which this court held—in Verner v. State, 117 Tex.Cr.App. 112, 35 S.W.2d 428—sufficient to charge an offense under Art. 998, Vernon's Ann.P.C.

The ground of error is overruled.

The judgment is affirmed.

ONION, J., not participating.