**Carl Jake BLACK, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 41510.**

Court of Criminal Appeals of Texas.

Oct. 23, 1968.

**952**

Edward J. Dees, Dallas, for appellant.

Henry Wade, Dist. Atty., Tom Reese, Arch Pardue, Camille Elliott, Malcom Dade and Kerry P. FitzGerald, Asst. Dist. Attys., Dallas, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

ONION, Judge.

The offense is robbery by assault with a firearm; the punishment, 50 years confinement in the Texas Department of Corrections.

In his first ground of error appellant contends the trial court erred in admitting into

1. Article 15.17, supra, was amended in 1967 (Acts 1967, 60th Leg., p. 1736, ch. 659, Sec. 12, eff. Aug. 28, 1967).

evidence his written confession because he was not taken "immediately" before a magistrate as required by Article 15.17, Vernon's Ann.C.C.P., then in effect [1] and informed of the nature of the charges against him.

The evidence reflects that after the liquor store robbery in question occurred at approximately 2 p. m. on July 7, 1966, appellant was arrested at 7 p. m. on that same day. At 1:30 p. m. on the following day he was placed in a lineup, and at 3:15 p. m., some 20 hours after his arrest, he was taken before a magistrate who warned him in accordance with Article 15.17, supra. Shortly thereafter he was warned in accordance with Article 38.22, V.A.C.C.P., then in effect, by the police officer to whom he gave a written confession.

The State contends the delay was reasonable since appellant's co-defendant was intoxicated at the time of his arrest and unable to understand the proceedings if they had been held.

While it may be more practical to take individuals charged with the same offense before the magistrate at the same time, the intoxication of one does not justify delaying the performance of the duties required by Article 15.17, supra, as to another or other individuals.

In the case at bar it appears the appellant was properly warned in accordance with the applicable statutes and that his confession was freely and voluntarily given. The appellant fails to point to any causal connection between the failure to take him before the magistrate "immediately" and the making of a confession. We perceive no error. Hughes v. State, Tex. Cr.App., 409 S.W.2d 416.

Ground of error #1 is overruled.

In his charge to the jury on the issue of guilt or innocence the court set out the

Among other things the word "immediately" has been changed to read "without unnecessary delay."

punishment provided by law for the offense of robbery by assault with a firearm. Article 1408, Vernon's Ann.P.C. Such portion of the charge was required by Article 37.07, Sec. 2(a), V.A.C.C.P., 1965 (prior to its 1967 amendment).

In his remaining ground of error appellant contends the trial court erred, however, in informing the jury that death was an applicable penalty since the State had waived the death penalty in writing. See Article 1.14, V.A.C.C.P., 1965.

Be that as it may, no special requested charge or objection to the court's charge as required by Articles 36.14 and 36.15, V.A.C.C.P. was made. Therefore, the matter is not before us for review. Rae v. State, Tex.Cr.App., 423 S.W.2d 587; Dennis v. State, Tex.Cr.App., 420 S.W.2d 940; Sonderup v. State, Tex.Cr.App., 418 S.W.2d 807; Smith v. State, Tex.Cr.App., 415 S.W.2d 206.

It is further observed that after the guilty verdict the appellant requested that the court assess the punishment.

Ground of error #2 is overruled.

The judgment is affirmed.