**Max Leo DOCKALL, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 44896.

Court of Criminal Appeals of Texas.

Feb. 23, 1972.

Lawrence R. Scroggins, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and Terry G. Collins, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

ONION, Presiding Judge.

This is an appeal from an order revoking probation.

On November 10, 1970, appellant entered a plea of guilty before the court to the offense of driving while intoxicated a motor vehicle upon a public highway. The court assessed his punishment at 6 months in the county jail and at a fine of $150, but placed the appellant on probation for a period of 1 year under the provisions of Article 42.13, Vernon's Ann.C.C.P. (the Misdemeanor Probation Law). Among the conditions of probation were the require-

ments that he "(1) commit no offense against the laws of this or any other state of the United States; (2) Avoid injurious or vicious habits; (3) . . . . "

On March 3, 1971, the State filed a motion to revoke probation alleging that he violated conditions (1) and (2) above in that he again committed the offense of driving while intoxicated on February 1, 1971, and failed to avoid injurious or vicious habits, to wit: the use of alcohol.

On March 29, 1971, following a hearing on said motion, the court revoked probation on both grounds alleged, entered judgment and imposed sentence. Notice of appeal was given.

Appellant challenges the sufficiency of the evidence contending the court abused its discretion in revoking probation.

Houston police officer E. L. Carney testified that on February 1, 1971, he saw the appellant driving a pickup truck run a red light at the intersection of McCarty and East Freeway. He followed the appellant for three blocks before stopping him. He related the appellant's breath had an alcoholic beverage odor, that his speech was slurred, and that he staggered when he walked. Officer Carney expressed the opinion that the appellant was intoxicated.

Officer H. C. Jordan corroborated Carney's testimony and also expressed the opinion that the appellant was intoxicated at the time.

Officer O. R. Caswell administered a breathalyzer test to the appellant and obtained a reading of 0.13 per cent blood alcohol. He testified without objection and also expressed the opinion that the appellant was intoxicated.

The appellant did not testify nor offer any evidence.

It is clear that the evidence was sufficient to justify revocation on a violation of probationary condition (1) alone. We need not pass upon whether the evidence was sufficient to show a "habit" but see Campbell v. State, 456 S.W.2d 918, 922 (Tex.Cr.App.1970); Marshall v. State, 466 S.W.2d 582 (Tex.Cr.App.1971).

Appellant also complains of the trial court's action in ordering him fingerprinted during the revocation hearing. Harrington v. State, 424 S.W.2d 237 (Tex.Cr.App.1968); Washington v. State, 434 S.W.2d 138 (Tex.Cr.App.1968); Rinehart v. State, 463 S.W.2d 216 (Tex.Cr. App.1971) and many other cases have been decided contrary to appellant's contention.

And there is no merit to appellant's claim that his arrest was illegal and his constitutional rights were violated because he was not given the Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, warnings at the time of his arrest. No confession was introduced.

The judgment is affirmed.