**Theodore SHADRICK, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 45826.**

Court of Criminal Appeals of Texas.

March 21, 1973.

Walter Wolfram, Amarillo, for appellant.

Tom Curtis, Dist. Atty. and Kerry Knorpp, Asst. Dist Atty., Amarillo, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

JACKSON, Commissioner.

Appellant was convicted of robbery by assault by a jury on his plea of not guilty; the punishment, twenty (20) years.

No question is raised as to the sufficiency of the evidence. It was amply shown that appellant and another man came into

the office of the Southwestern Investment Company in Amarillo, about 9:30 A.M. on December 11, 1968, and by displaying a pistol, robbed the manager thereof, Fred Harvey, of approximately $1000 in cash, besides the personal wallets taken from the manager and the female employees. The manager and the three employees identified appellant as the man who displayed the pistol, said this is a stick-up and proceeded to execute the robbery. Appellant's confession was also admitted in evidence.

The first ground of error urged by appellant is:

"The trial court erred in admitting appellant's confession which was taken by police in violation of the warning requirements of Articles 15.17 and 38.22, V.A.C.C.P. of Texas and Miranda v. Arizona."

The court conducted a hearing in the absence of the jury on the voluntariness of the confession and thereafter admitted the confession in evidence.

The evidence relating to the taking of the confession, the warnings given, and the confession was shown by the testimony of Policeman Dale F. Lawless of Denver, as follows:

"Q   I will ask you whether or not in connection with your official duties as you described them during the month of December 27, 1968, you had occasion to take a written statement from a person you see in this courtroom?

"A   Yes, sir, I did.

"Q   Would you tell me what person that is?

"A   The gentleman seated at the front table with a blue suit on.

"Mr. Curtis: Let the record reflect that the witness had indicated the defendant in this case, Theodore Shadrick, Jr.

"Q   I will hand to you what has been marked as State's Exhibit Number 5, and I will ask you to state whether or not the signature you see at the bottom of that purporting to be the signature of Theodore Shadrick, Jr. . . . did you see the defendant in this case sign that as that signature?

"A   Yes, sir, I did.

"Q   Had you theretofore read him the warnings that are printed on that instrument before that signature?

"A   Yes, sir, I did.

"Q   Would you tell me the date that took place?

"A   This one took place December 17, 1968.

"Mr. Curtis: Do you want to see them, Mr. Wolfram?

"Mr. Wolfram: No.

"Mr. Curtis: We offer this into evidence, your honor.
"The Court: Admitted.

"Q   Would you, please, read to the jury those warnings on that document, please, sir?

"A   Just the warnings, sir?

"Q   Just read to the jury the instrument. It has been put into evidence, so read the entire instrument to the jury.

"A   The top of the statement states: 'Advisement Form' . . . ."

*      *      *      *      *      *

"File No. 68–18420 (Amarillo) Crimes Against Persons Section, Police Building, 13th & Champa Streets, Denver, Colorado.

"Dated December 27, 1968.

"Statement taken in the Crimes Against Persons Section, Room 301, Police Building, 13th & Champa Streets, Denver, Colorado, December 27, 1968, at approximately 1:45 P.M. in the presence of the following witnesses:

"Dale F. Lawless, City Detective, C. B. McCormick, Jr., City Detective and Stella Bailey, Hearings Reporter.

"Statement made by THEODORE SHADRICK, JR.

"Questioning directed by Detective Lawless:

"Q What is your name?

"A Theodore Shadrick, Jr.

"Q What is your date of birth?

"A December 15, 1936.

"Q Ted, you have been advised of certain rights, that you have a right to remain silent; anything you say can be used as evidence against you in court?

"A Yes, sir.

"Q You have a right to talk to a lawyer before questioning, and have him present during questioning, and if you cannot afford a lawyer, one will be appointed for you before questioning. You have signed one of these forms, is that right?

"A Yes, sir.

"Q Ted, at this time would you like to tell us about the robbery in Amarillo, Texas on December 11, 1968?

"A Yes, sir.

"Q O. K. In your own words go ahead and tell us.

(Here follows in the confession a full account of the robbery, in question and answer form, as taken by the court reporter and signed by appellant, corresponding in all details with the testimony of the state's witnesses.)

"A I guess that's about it as far as the robbery is concerned.

"Signed, Theodore Shadrick, Jr.

"Witness: Detective D. F. Lawless and C. B. McCormick.

"Further statement reads: 'I have read the attached statement which is signed by me, and consisting of three pages and was told and given an opportunity to make any corrections I wished before signing it.

'Before making this statement, I was warned that I had a right to remain silent and that any statement I might make could be used as evidence against me.

'I was further advised that I had a right to the presence of an attorney, either retained or appointed.

'I made the statement voluntarily without any force, threats, or promises by anyone.

'No one told me I had to make a statement or what to say in a statement.

'I knew what I was doing and what I said when I made and signed this statement.

'Signed, Theodore Shadrick, Jr.

'Witness, Detective D. F. Lawless.' "

It is clear that the warnings required by Miranda v. Arizona, 384 U.S. 436, 16 L. Ed.2d 694, 86 S.Ct. 1602, and by Article 38.22, Vernon's Ann.C.C.P., were given to appellant before he gave and signed this confession.

■ It is argued by appellant that the confession was invalid because Art. 15.17, V.A.C.C.P., was not complied with, in that he was not immediately taken before a magistrate after his arrest and given the prescribed warnings, including the addition added by the amended Act of 1967, that he should be told of "his right to terminate the interview at any time."

■ Nowhere in the interrogation by the officers nor in his testimony before the court on the admissibility of the confession did he ever express a wish to terminate the interview. This statute relates to the duty of the arresting officer and the magistrate, and does not purport to invalidate a confession if not complied with. Miranda

does not require that such a warning be given.

It was held by this Court that if the warning as required by Art. 38.22 be given, the failure to comply with Art. 15.17, V.A. C.C.P., does not invalidate the confession. Dunlap v. State, Tex.Cr.App., 462 S.W.2d 591.

■ It is also urged that since the confession was made some 10 or 11 days after appellant's arrest, during which time he was not taken before a magistrate on this charge, the confession is rendered inadmissible.

The record is entirely silent of any evidence that failure to take him before a magistrate caused appellant to confess. To avail himself of this complaint, appellant must show a causal connection between such failure and his confession. Black v. State, Tex.Cr.App., 432 S.W.2d 951; Easley v. State, Tex.Cr.App., 448 S.W.2d 490.

Appellant further argues that the confession was shown to be involuntary because he was under investigation for killing a police officer in Dallas and wanted to avoid going to Dallas on that charge. He did not testify to any mistreatment by the Denver police, and did not at any time indicate that he did not give the confession of his own free will. The officer who took the confession testified it was freely and voluntarily given, and it is so recited in the instrument itself.

Appellant had just escaped from the Texas Department of Corrections, and it was developed by the State at the punishment phase of the trial that he had been before convicted in three separate instances of robbery. He was not without experience in criminal matters.

It was said by this Court that the motive of a person in confessing, expressed for the first time at trial, is of no importance provided the particular confession does not result from threats, fear, promises or other improper inducements made by persons in actual or seeming authority. Steel v. State, Tex.Cr.App., 459 S.W.2d 649.

There was no claim or evidence before the court that threats, fear, promises or other improper inducements caused the making of this confession.

■ The findings of the court that the confession was voluntarily made and that it was admissible in law and in fact are amply supported by the evidence, and appellant's first ground of error is overruled.

■ For his second ground of error appellant argues that the trial court did not immediately enter an order on the admissibility of the confession.

The court, after the hearing in the absence of the jury, simply admitted the confession, and belatedly entered an order thereon.

While such delay in entering the order is not to be commended, no harm to appellant having been shown by the delay, such orders will be accepted. Clewis v. State, Tex.Cr.App., 415 S.W.2d 654; Gaston v. State, Tex.Cr.App., 435 S.W.2d 858.

Appellant's second ground of error is overruled.

Finding no reversible error, the judgment is affirmed.

Opinion approved by the Court.