Joe Kenneth POLK, Appellant,

v.

The STATE of Texas, Appellee.

No. 46567.

Court of Criminal Appeals of Texas.

Oct. 24, 1973.

Jerry J. Loftin, Fort Worth, for appellant.

Tim Curry, Dist. Atty., M. R. Thomas, T. J. Haire, Jr., and R. W. Crampton, Asst. Dist. Attys., Fort Worth, Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

QUENTIN KEITH, Commissioner.

Appellant was convicted of robbery with firearms and the jury assessed his punishment at confinement for 75 years.

The first count in the indictment charged the appellant with the robbery of Kenneth Jacocks by the use of firearms; the second count charged robbery by assault and violence. The evidence showed that on the night of December 2, 1971, Jacocks and another employee of the Fish and Chips Restaurant in Fort Worth were robbed by two men at gunpoint. The witnesses for the State identified appellant as one of the robbers.

The appellant did not testify and the jury rejected his plea of alibi as a defense to the charges. No complaint is made as to the sufficiency of the evidence to sustain the conviction.

In his first ground of error, appellant contends that the trial court erred "in submitting a two count charge to the jury." Appellant made no motion to require the State to elect and the charge, which comes to us without objection, is in the precise language of 8 Texas Practice, Willson's Texas Criminal Forms Annotated (7th ed. 1966) § 3552, p. 551. We note that the forms of verdict submitted to the jury, found on the same page as the trial judge's signature, authorized the jury to find appellant not guilty or "guilty of rob-

bery with the use of and by exhibiting a firearm, as charged in the first count of the indictment."

The two decisions [1] relied upon by appellant to support his contention are inadequate to the task assigned them. In 1 Branch's Annotated Penal Code (2d ed. 1956) § 464, at 460, many cases are cited in support of this well-founded rule: "If different counts charging the same character of offense are inserted in the indictment to prevent a variance and there is evidence supporting each, the State is not required to elect between such counts." Furthermore, the forms of verdict submitted authorized a conviction only upon the more serious charge, robbery with firearms. We fail to see how appellant's rights were prejudiced and ground one is overruled.

Dean Chafin, Probation Officer in Criminal District Court Number Four of Dallas County, identified appellant as being the person who received a ten year probated sentence in Dallas County on February 7, 1967, for the offense of murder with malice. No objections were made to this testimony. Appellant now complains in ground two that this constituted error. As we understand the argument under this point, appellant contends that the probation officer was not a custodian of the records which would be the best evidence of the conviction; and further, without the introduction of the records, the defense was denied the opportunity to examine the records to ascertain the possible existence of constitutional infirmities therein.

The prior conviction of appellant was shown by the testimony of a witness familiar with the facts, a procedure which finds support in the reported cases. See, e. g., Brumfield v. State, 445 S.W.2d 732, 740 (Tex.Cr.App.1969); Cain v. State, 468 S.W.2d 856, 859 (Tex.Cr.App.1971). Of course, other means may be utilized by the State in making its proof of the prior convictions as indicated in the cited cases.

1. Ex Parte Wagnon, 186 Tex.Cr.R. 364, 125 S.W.2d 572 (1939); McKenzie v. State, 32 Tex. Cr.R. 568, 25 S.W. 426 (1894).

However, appellant has cited no case holding that the State is *required* to introduce the written record of the prior conviction in such instances. Nor are we persuaded by appellant's reliance upon Olvera v. Beto, (5th Cir. 1970) 429 F.2d 131. Among other salient differences, we find that in Olvera:

> "It was stipulated that in each of the prior cases appellant (1) was an indigent, (2) was not represented by counsel, (3) was not informed of his right to have counsel appointed, and (4) did not waive the assistance of counsel. It was also stipulated that appellant's counsel made timely objections to the admission of the prior convictions in evidence." (429 F.2d at 132)

Not one of these events was shown to have occurred in the case at bar. Assuming, arguendo, the certified copies of the record would have been the best evidence, appellant made no objection to the testimony of Mr. Chafin. "Failure to object when evidence is offered precludes review by this court." Palmer v. State, 475 S.W. 2d 797, 800 (Tex.Cr.App.1972).

Ground two is overruled. The judgment is affirmed.

Opinion approved by the Court.