**Jimmie Don HOLLIS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 48295, 48296.**

Court of Criminal Appeals of Texas.

May 15, 1974.

---

Peter S. Chamberlain, Dallas, for appellant.

Henry Wade, Dist. Atty., Richard W. Wilhelm, Asst. Dist. Atty., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ROBERTS, Judge.

The appellant was charged, by two indictments, with the offense of rape. The two cases were tried together by a single jury, on appellant's plea of not guilty, and resulted in conviction. Punishment was assessed by the court at 25 years' imprisonment in each case.

Appellant's first two grounds of error challenge the sufficiency of the evidence. He contends that the testimony of each prosecutrix is ". . . permeated with utterly unbelievable statements, with inconsistencies, and with evidence of poor recollection or evasion . . ." such that it is insufficient to serve as a basis for conviction.

The transcript of testimony reflects that the victims, both college students, were roommates at the time of the offense. Each testified that on the day of the offense they had been celebrating the twenty-second birthday of one of the victims. They had left their apartmant in a residential area, and driven to downtown Dallas in search of a night club where some friends of theirs were performing. They testified that they did not know the name of the club, but were aware of its general location. They parked their car and entered one or two clubs in an effort to find the one in question. As they were leaving one of these clubs, a man, later identified as appellant, approached one of the girls and said something to her. She testified that she ignored him and could not remember what he said. As the young women were crossing the street, appellant again approached them and, displaying a revolver, ordered them to "shut-up" and go to the car. Appellant then forced one of the girls to drive to a secluded park and stop, at which time he ordered her from the car. Getting out of the car himself, he turned to prosecutrix A, who was in the back seat, and ordered her to be silent. He told prosecutrix A that he would kill prosecutrix B, who was then outside the car, if prosecutrix A made any noise or attempted to leave. Appellant then led prosecutrix B into the woods, to a small park bench and table. She testified that he ordered her to remove her clothes and lay on the table; that she did so; and that appellant then removed his trousers and, laying the gun at her head, had sexual intercourse with her. Prosecutrix B testified that she was then allowed to dress and was ordered back to the car, but that she fled and called the police.

Meanwhile, appellant returned to the car and ordered prosecutrix A to accompany him. He led her to the same location and repeated the procedure used with prosecutrix B. Prosecutrix A testified that, upon

completing the act of intercourse with her, appellant led her back to the car. When they were about half-way to it, the police arrived and appellant fled. He was captured shortly thereafter and returned to the scene, where he was identified.

Both women testified that appellant penetrated their sexual organs, that the act occurred without their consent and against their will, that they were in fear of their lives, and that the pistol was within appellant's reach during both of the acts. The evidence was sufficient.

Appellant's grounds of error three, four and five urge that his cross-examination of one of the prosecuting witnesses was improperly limited and that the State improperly failed to disclose certain information regarding her financial background.

The prosecutrix testified that at the time of the offense (July, 1971) she owned a 1970 model MG automobile. She also testified that she held a student job, based on financial need, in order to attend Bishop College in Dallas, and that she had obtained some financial assistance in the form of student loans.

■ Outside the presence of the jury, appellant sought to delve more deeply into her financial status, arguing that the inconsistency between her ownership of a year-old sports car and her need for financial assistance was a factor affecting her credibility. The court sustained the State's objection to the effort. Thereafter, appellant made no attempt to develop this testimony by either formal or informal bill of exception. The present state of the record is such that we cannot determine whether such an inconsistency did, in fact, exist. Absent perfection of a bill of exception, the error, if any, is not presented for review. See Burton v. State, 471 S.W.2d 817 (Tex.Cr. App.1971); Brown v. State, 475 S.W.2d 938 (Tex.Cr.App.1971); and Alexander v. State, 476 S.W.2d 10 (Tex.Cr.App.1972).

Appellant's sixth ground of error urges that the prosecuting attorney prejudiced him when he injected the name of Che Guevera, a revolutionary, into the case.

■ The record reflects that the prosecutor was questioning a defense witness regarding a picture appellant had drawn. He asked "Would that be Che Guevera?" at which point appellant objected; objection was sustained. The witness then testified that she did not know who the picture was supposed to depict. Appellant did not request that the jury be instructed to disregard the matter. Nothing is preserved for review. See Cherry v. State, 488 S.W.2d 744 (Tex.Cr.App.1972).

■ Appellant's grounds of error seven and eight relate to the court's refusal to discharge two prospective jurors for cause. One of the jurors expressed an unwillingness to consider probation in the event appellant was found guilty, and the other expressed a prejudice against the use of alcohol.

There is no showing that either of these persons served on the jury, and appellant alleges in his brief that he used peremptory challenges to eliminate them. It is not urged that appellant was forced to take an unacceptable juror, nor is any other harm alleged. There was no error. See Tezeno v. State, 484 S.W.2d 374 (Tex.Cr.App. 1972).

Appellant's ninth ground of error urges that the indictments against him should have been quashed because of the requirement of Art. 19.01(2), Vernon's Ann.C.C. P., requiring grand jury commissioners to be freeholders. Citing no authority, appellant argues that this requirement denied him equal protection, due process and a "fair trial."

As originally enacted, Art. 19.01(2), supra, did require that grand jury commissioners be freeholders. However, that requirement was eliminated by amendment of the article in 1971. See acts 1971, 62nd

Leg., p. 905, ch. 131, Sec. 1, effective May 10, 1971. The indictments against appellant were not returned until August 23, 1971. The record does not reflect an attempt by appellant to show that non-freeholders were excluded from service as jury commissioners.[1] Appellant's contention is without merit.

Appellant's last contention is as follows: "The cumulative effect of the aforementioned errors and each of them calls for reversal of these cases."

This is not a proper ground of error and presents nothing for review.

The judgment is affirmed.

1. The record reflects that the amendment to Art. 19.01(2) was brought to appellant's attention when the motion to quash was offered, and at that time, counsel for appellant conceded that his position was without merit. On appeal, he urges that the amendments altered only the qualifications of grand jurors, and did not affect those of commissioners. This is clearly an incorrect reading of the statute, which applies expressly to jury commissioners.