Rush Orvel NICHOLS, Appellant,

v.

The STATE of Texas, Appellee.

No. 48633.

Court of Criminal Appeals of Texas.

July 10, 1974.

---

Britt Thurman, Abilene, for appellant.

Edward R. Paynter, Dist. Atty., Abilene, Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ROBERTS, Justice.

The appellant was convicted of the offense of robbery. Punishment, enhanced under Art. 62, Vernon's Ann.P.C., was assessed at life imprisonment. The sufficiency of the evidence is not challenged.

■ Appellant's brief was not filed with the trial court in a timely manner; however, his contentions will be considered in the interest of justice. See Art. 40.09, Secs. 9 and 13, Vernon's Ann.C.C.P.

■ Appellant first contends that the trial court erred in admitting a prior conviction of his from the State of Oklahoma. He urges that the papers relating to the conviction do not include a "waiver of ex-

amining trial" required by the Oklahoma constitution and that, absent this, the conviction is void.

However, it appears from the evidence that appellant made no effort to show that he was not, in fact, given an examining trial. No bills of exception are contained in the record. Nothing is presented for review. See Hollis v. State, 509 S.W.2d 372 (Tex.Cr.App., delivered May 15, 1974); and Tristan v. State, 510 S.W.2d 329 (Tex.Cr.App., delivered June 12, 1974).

■ Appellant next complains of the admission into evidence of a sawed-off shotgun, taken at the time of his arrest, which he contends showed an extraneous offense.

Assuming that the gun had been shown to be a prohibited weapon, so as to constitute an extraneous offense, its admission would nevertheless have been proper as res gestae of the arrest. See Jones v. State, 458 S.W.2d 654 (Tex.Cr.App.1970); and Jones v. State, 471 S.W.2d 413 (Tex.Cr.App.1971).

■ Appellant's third complaint relates to the prosecutor's final argument at the guilt-innocence stage, wherein appellant was compared to "marauders [sic] in the night with guns." Appellant's objection was overruled.

The facts involve a robbery of a motel committed at gun point at 11:20 in the evening. The victim was bound and gagged and his wallet, watch and television as well as money belonging to the motel were taken. The argument was a logical deduction from the evidence.

■ Appellant's fourth complaint relates to the admission of a warranty card bearing the serial number of the stolen television. He urges that the document was hearsay. The television itself was admitted and was identified by the victim without objection. The subsequent admission of the warranty, if error, was harmless error. See Haynes v. State, 482 S.W.2d 191

(Tex.Cr.App.1972) and Brown v. State, 477 S.W.2d 617 (Tex.Cr.App. 1972).

■ Appellant's fifth and sixth contentions relate to the pretrial identification of appellant by the victim. The identification occurred at a "one-on-one" confrontation in the appellant's jail cell only minutes after his arrest. The appellant was without counsel at the time; however, no formal charges had been filed. Therefore, the absence of counsel was not a violation of appellant's constitutional rights. See Kirby v. Illinois, 406 U.S. 682, 92 S.Ct. 1877, 32 L.Ed.2d 411; Lane v. State, 506 S.W.2d 212 (Tex.Cr.App.1974).

■ As to the issue of the suggestiveness of the one-on-one confrontation, we have often urged that such a procedure should be avoided. In the instant case, however, the evidence shows beyond reasonable doubt that the victim's identification was based on seeing the appellant at the time of the offense. The witness observed the appellant for 30–60 minutes in a well-lighted place, the identification occurred within one hour of the robbery, and the witness testified that his in-court identification of the appellant was based upon his observations at the time of the robbery. The court's finding that the identification was admissible was justified.

■ Appellant's last ground of error urges that "The Court erred in allowing introduction in evidence any evidence or item seized as a result of the arrest and subsequent search of Appellant and the automobile he was driving." Following this general assignment of error, there is a description of the arrest, and then a lengthy quotation from our opinion in Brown v. State, 481 S.W.2d 106 (Tex.Cr. App.1972).

Appellant's brief does not point out those portions of the transcript showing where evidence taken as a result of the search was admitted. However, a review of the testimony of the victim reveals that a watch and television taken from him and recovered during the search were admitted without any objection by the appellant, other than to chain of custody. This constitutes at least a partial waiver of appellant's contention. See Gondek v. State, 491 S.W.2d 676 (Tex.Cr.App.1973) and Burns v. State, 470 S.W.2d 867 (Tex.Cr. App.1971).

■ The transcript reveals that within minutes of the robbery the victim called local police and told them that he had been robbed by two middle-aged white males, who drove east on Highway 80 in a red Thunderbird. One of the arresting officers testified that they received a radio communication concerning a black-on-red 1967 model Thunderbird containing a stolen television set and two white male passengers. The officers drove to Highway 80 and there saw a vehicle matching the description leaving the city. They determined to investigate because of the radio message and turned on their red lights. However, they followed the vehicle for a mile before it stopped. One of the officers testified that the traffic was light at the time, that there were no other vehicles going in the same direction as they, and that they remained about three car lengths behind the appellant's vehicle during the chase. When the appellant's car was stopped, and the officers approached it, they saw a television set in the back seat in plain view. Under these circumstances, we have concluded that the arrest and incidental search were valid. See Art. 14.03, V.A.C.C.P. Compare Casarez v. State, 504 S.W.2d 847 (Tex.Cr.App.1974) and Merriweather v. State, 501 S.W.2d 887 (Tex.Cr. App.1973).

We have examined the contentions raised by the appellant's *pro se* brief, and find them to be without merit.

The judgment is affirmed.