John WILLIAMS, Appellant,

v.

The STATE of Texas, Appellee.

No. 49498.

Court of Criminal Appeals of Texas.

April 30, 1975.

Hillord H. Hinson, Houston, Court-appointed, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and Mike Maguire, Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

OPINION

ODOM, Judge.

Appellant waived trial by jury and entered a plea of guilty before the court for the offense of felony theft. Punishment was assessed at five years.

Court-appointed counsel on appeal has filed a brief stating that he has concluded that the appeal is frivolous. A copy of the brief was furnished appellant. No pro se brief has been filed. The procedures in Anders v. California, 386 U.S. 738, 87 S. Ct. 1396, 18 L.Ed.2d 493, and Gainous v. State, Tex.Cr.App., 436 S.W.2d 137, were complied with. We agree that the appeal is wholly frivolous and without merit.

We have noticed, however, that the admonishments given at the time of the plea of guilty may not have been in full compliance with the requirements of Article 26.-13, Vernon's Ann.C.C.P.[1] But no objection to those given was made to the court below, either at the time the plea was taken or by motion for new trial. The rationale upon which we have considered this issue on our own motion in the past has been that the failure to give proper admonishments constituted fundamental error which could be raised for the first time in a habeas corpus proceeding, and accordingly was an issue which would require consideration in the interest of justice under

---

1. The transcription of the court reporter's notes is devoid of any indications that the trial court inquired as to whether appellant's plea was induced by force or fear.

Article 40.09, Section 13, V.A.C.C.P., even if not raised.

In the recent case of Ex parte Taylor, Tex.Cr.App., 522 S.W.2d 479 (Feb. 5, 1975, Leave to File Motion for Rehearing denied on April 30, 1975), this Court held that "in a collateral attack upon a plea of guilty there must be a showing that a defendant was prejudiced or injured for the failure of the trial court to fully comply with Article 26.13, supra," to require a new trial. With collateral relief no longer available merely upon a showing that Art. 26.13 was not fully complied with, the rationale for considering it in the interest of justice, when not asserted, no longer exists, and it will no longer be addressed by this Court in such circumstances unless prejudice or injury is shown. All cases in conflict with our holding herein are overruled.[2]

Finding no reversible error, the judgment is affirmed.

DOUGLAS, Judge (concurring).

I concur in the opinion affirming this conviction. A statement of what happened during the trial and the reasons for overruling a long line of cases should be given.

Appellant entered a plea of guilty. He does not until this day claim any harm or injury. Counsel for appellant has filed a brief stating that the appeal is frivolous with a statement that a copy of the brief has been furnished to appellant advising him that he might file a brief in his own behalf.

Appellant judicially confessed that he stole an automobile of the value of over $50.00 from Lloyd McNeil as alleged in the indictment.

Before accepting the plea of guilty the following occurred:

"THE COURT: Are you pleading guilty because you actually are guilty and for no other reason?

"DEFENDANT: Yes, sir.

"THE COURT: Has anybody promised you anything to get you to plead guilty?

"DEFENDANT: No, sir.

"THE COURT: Has anyone promised you that you would get out lightly or that you would get a pardon from the Board of Pardons and Parole or the Governor of the State of Texas in an effort to get you to plead guilty?

"DEFENDANT: No, sir.

"THE COURT: Now, you understand the range of punishment for the offense of felony theft is confinement in the Department of Corrections of the State of Texas for any term of not less than two years nor more than ten years. Do you understand that?

"DEFENDANT: Yes, sir.

"THE COURT: Now, knowing that fact and all the other facts do you still want to waive a Jury and have your case heard before the Court?

"DEFENDANT: Yes, sir.

"THE COURT: Now, you are represented by Mr. Joe Cannon in this matter?

"DEFENDANT: Yes, sir.

"THE COURT: Mr. Cannon, have you counseled with your client and is he fully cognizant of what he is doing

---

2. Although not exhaustive, the cases overruled include Cevilla v. State, Tex.Cr.App., 515 S.W.2d 676; Alvarez v. State, Tex.Cr.App., 511 S.W.2d 521; Pigg v. State, Tex.Cr.App., 508 S.W.2d 652; Heathcock v. State, Tex. Cr.App., 494 S.W.2d 570; and Jefferson v. State, Tex.Cr.App., 486 S.W.2d 782.

and does he wish to waive his right to a trial by a Jury and enter a plea of guilty before the Court?

"MR. CANNON: Yes, he does, Your Honor.

"THE COURT: Do you feel he is of sound mind?

"MR. CANNON: He definitely is, Your Honor.

"THE COURT: Mr. Williams, have you ever been treated for a mental illness?

"DEFENDANT: No, sir.

"THE COURT: Or have you ever been confined in a mental hospital?

"DEFENDANT: No, sir."

During the trial and while the appellant was on the stand Mr. Maguire, the prosecutor, asked appellant "and you are pleading guilty because you are guilty and for no other reason?" Appellant answered, "Yes, Sir."

The court asked appellant sufficient questions and had sufficient evidence to conclude that the plea was voluntarily entered. The appellant was not asked if he were pleading guilty because of fear but the trial judge ascertained, as the prosecutor also did later during the trial, that appellant was pleading guilty because he was guilty and for no other reason. This is sufficient to show that he did not plead guilty because of fear. See Guster v. State, Tex.Cr.App., 522 S.W.2d 494, (delivered this date).

Since July, 1971, this Court has published at least ninety-eight opinions and has written many more per curiam opinions concerning, at least in part, questions under Article 26.13, V.A.C.C.P. Of these, seventy-two were affirmed, twenty were reversed, five were dismissed and one was abated. The writer recalls none of these where an appellant contended he was misled or injured because of an improper admonishment.

Most pleas of guilty have been the result of some plea bargaining. In such cases the prosecution recommends a certain punishment to the court if the accused pleads guilty. The accused in practically all of such cases realizes why he is pleading guilty and is not misled by an admonishment which is not letter perfect.

Where there has been a substantial compliance with the statute and the trial court has personally inquired of a defendant and has given him an opportunity to show that his plea was not voluntary, this Court should require a defendant to show that he relied upon the failure to fully comply with the statute to his detriment.

We have held that Article 26.13 is mandatory, but that alone is an insufficient reason to reverse a case, especially where it is not mentioned by an appellant on appeal. There are many mandatory statutes but the failure to comply with them does not automatically call for a reversal.

Article 38.05, V.A.C.C.P., is mandatory. It provides:

"In ruling upon the admissibility of evidence, the judge shall not discuss or comment upon the weight of the same or its bearing in the case, but shall simply decide whether or not it is admissible; nor shall he, at any stage of the proceeding previous to the return of the verdict, make any remark calculated to convey to the jury his opinion of the case."

This Court has held many times that even though the statute has been violated, no reversible error has been shown when there has been no objection or no prejudice shown.

Article 36.14, V.A.C.C.P., provides that the judge shall instruct the jury in writing distinctly setting forth the law applicable to the case; "not expressing any opinion as to the weight of the evidence, not summing up the testimony, discussing the facts or using any argument in his charge calculated to arouse the sympathy or excite the passions of the jury. . . ."

Absent an objection to such a comment by the trial judge, it is not considered on appeal. See the cases collated under the statute.

Articles 36.02, 36.03, 36.04, 36.05 and 36.06, V.A.C.C.P., provide for the "rule" (of evidence) and its enforcement so that witnesses shall not hear in the courtroom any testimony in the case before testifying. Every violation does not call for a reversal.

Article 15.17, V.A.C.C.P., requires that certain actions *shall* be taken by the arresting officer and the magistrate. However, failure to comply does not constitute reversible error if no harm occurred to the defendant. Perbetsky v. State, Tex.Cr.App., 429 S.W.2d 471; Dockall v. State, Tex.Cr.App., 476 S.W.2d 290; Shadrick v. State, Tex.Cr.App., 491 S.W.2d 681. Article 38.22, V.A.C.C.P., requires that confessions *shall not* be admissible unless the specified requirements are met. Yet this Court has held that the defendant must timely object for any violation to constitute reversible error. E. g. Reese v. State, Tex.Cr.App., 404 S.W.2d 320; and Lawhon v. State, Tex.Cr.App., 429 S.W.2d 147, cert. denied 394 U.S. 989, 89 S.Ct. 1475, 22 L.Ed.2d 764.

Article 18.07, V.A.C.C.P., requires that a magistrate *shall* endorse the date and hour of issuance on a search warrant, but failure to do so does not constitute reversible error absent a showing of injury. Smith v. State, Tex.Cr.App., 478 S.W.2d 518.

Article 18.01, V.A.C.C.P., established requirements for the proper introduction of evidence seized under a search warrant, and what *shall* be done. But again, this Court has held that unless proper and timely objection is made by the defendant, no reversible error occurs. Walsh v. State, Tex.Cr.App., 468 S.W.2d 453; Stout v. State, Tex.Cr.App., 421 S.W.2d 914.

Numerous other authorities and examples could be cited. The net result of such decisions, as they pertain to mandatory statutes, indicates that no reversible error occurs unless:

1. harm, prejudice or injury results to the defendant, and

2. proper and timely objection is made by the defendant.

The rule requiring a timely and proper objection is based on providing the trial court with an opportunity to correct an error once it is called to his attention. Polk v. State, Tex.Cr.App., 500 S.W.2d 535; Jaramillo v. State, Tex.Cr.App., 504 S.W.2d 853. Otherwise, the error is deemed to have been waived.

The "harmless error" rule is likewise an equitable principle which does not require reversal unless the complained of fact actually hurt or injured the defendant in some way. Sirls v. State, Tex.Cr.App., 511 S.W.2d 55; Bridger v. State, Tex.Cr.App., 503 S.W.2d 801.

This Court has not heretofore applied these two basic rules to interpreting Article 26.13, supra, and has held that the defendant need not show either an objection or harm, in meriting reversal because of an improper admonishment. Williams v. State, Tex.Cr.App., 415 S.W.2d 917; Ex parte Marshall, Tex.Cr.App., 479 S.W.2d 921; Ex parte Jordan, Tex.Cr.App., 490 S.W.2d 585.

These principles are just as valid when applied to Article 26.13 as to any other "mandatory statute."

In Tellez v. State, Tex.Cr.App., 522 S.W.2d 500 (This day decided), we held that an error in the range of punishment was harmless error.

Counsel for an accused has an opportunity to object when a trial judge does not use the exact terms of the statute in admonishing a defendant and in determining the voluntariness of the plea.

Recently we held in Ex parte Taylor, 522 S.W.2d 479 (1975), that such questions cannot be attacked collaterally absent a

showing that the defendant was injured or misled to his detriment. The Taylor opinion was limited to habeas corpus or collateral attacks, but two of my brethren now apply that decision to cases on appeal. It is not clear but they apparently require an objection before the question can be raised.

I would permit a defendant to raise the question of voluntariness of a plea of guilty in a motion for new trial even though no objection to the admonishment has been made.

A trial judge may also grant a new trial after an appellate brief has been filed because he still has control of the case.

It should be kept in mind that the record should contain a substantial compliance with the statute and it should be shown that a defendant "voluntarily and understandingly entered his pleas of guilty" under Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274.

Trial judges should recite the exact terms of Article 26.13, supra, and then explain its provisions. Further, the judge could well comply with the American Bar Association, Standards for Criminal Justice, Pleas of Guilty, Section 1.5, Approved Draft, 1968, in accepting pleas of guilty. They are as follows:

> "The court should not accept a plea of guilty or nolo contendere without first determining that the plea is voluntary. By inquiry of the prosecuting attorney and defense counsel, the court should determine whether the tendered plea is the result of prior plea discussions and a plea agreement, and, if it is, what agreement has been reached. If the prosecuting attorney has agreed to seek charge or sentence concessions which must be approved by the court, the court must advise the defendant personally that the recommendations of the prosecuting attorney are not binding on the court. The court should then address the defendant personally and determine wheth-
> er other promises or any force or threats were used to obtain the plea."

Many cases of long standing to the contrary have been overruled because there is no logical reason for reversing cases when the error is harmless. Appellate courts should be slow to overturn established precedents but when such rules are court-made and are not based upon sound reasoning, they should be expressly overruled.

ROBERTS, Judge (dissenting).

The majority, through an adroit process of detached logic, have successfully circumvented the troublesome requirements of Art. 26.13, V.A.C.C.P. See my dissenting opinion in Tellez v. State, Tex.Cr.App., 522 S.W.2d 500 (delivered April 30, 1975). However, in their haste to rid our jurisprudence of the necessity of the trial judge determining the voluntariness of a guilty plea, they have completely abrogated the legislative mandate of Art. 40.09(13), V.A.C.C.P., that this Court review any unassigned error which should be reviewed in the "interest of justice." It is the holding of the majority that unless complaint is made in the trial court to the failure of the judge to fully comply with the requirements of Art. 26.13, supra, then this Court will not consider the matter in the "interest of justice." While I have dissented to the majority's judicial amendment of Art. 26.13 in Tellez v. State, supra, I am constrained also to dissent to their further actions today.

The majority have astutely relied upon the use of a syllogism to reach their onerous conclusion. They maintain that until recently this Court reasoned:

> *Primary premise:* Failure to comply with Art. 26.13, V.A.C.C.P., is fundamental error.

> *Secondary premise:* This Court will review fundamental error in the "interest of justice." Art. 40.09(13), V.A.C.C.P.

> *Conclusion:* This Court will review defective Art. 26.13 cases in the "interest of justice."

With the advent of Ex Parte Taylor, Tex. Cr.App., 522 S.W.2d 479 (original opinion delivered Feb. 5, 1975), the majority now reason:

> *Primary premise:* Failure to comply with Art. 26.13 is no longer fundamental error.
>
> *Secondary premise:* This Court will review fundamental error in the "interest of justice."
>
> *Conclusion:* This Court will no longer review defective Art. 26.13 cases in the "interest of justice."

From an initial perusal of the preceding syllogism, this appears to be logically sound. However, a closer scrutiny reveals that the majority have made a fallacious assumption in the second level of their reasoning, i. e., "This Court will review fundamental error in the 'interest of justice.'" While this is a correct pronouncement of the law, it is assumed that this Court will review *only* fundamental error under Art. 40.09(13), supra. This has not been nor should it be the law.

Unassigned error which has been reviewed in the "interest of justice" by this Court has never been limited exclusively to fundamental error. E. g., West v. State, 514 S.W.2d 433 (Tex.Cr.App.1974) obscenity as a matter of constitutional law; Nichols v. State, 511 S.W.2d 269 (Tex.Cr.App.1974) late filed briefs; Butler v. State, 506 S.W.2d 902 (Tex.Cr.App.1974) review of record without statement of facts; Lee v. State, 505 S.W.2d 816 (Tex.Cr.App.1974) double jeopardy; Ellis v. State, 502 S.W.2d 146 (Tex.Cr.App.1973) carving; Long v. State, 502 S.W.2d 139 (Tex.Cr.App.1973) ineffective assistance of counsel; Hartman v. State, 496 S.W.2d 582 (Tex.Cr.App.1973) pro se brief of appellant; Walthall v. State, 488 S.W.2d 453 (Tex.Cr.App.1972) legality of search; Dorsey v. State, 485 S.W.2d 569 (Tex.Cr.App.1972) voluntariness of confession; Sanders v. State, 482 S.W.2d 208 (Tex.Cr.App.1972) failure to produce film in evidence in obscenity case. While these are but a few examples, it is abundantly clear

that unassigned error need not be fundamental in order to be reviewed by this Court under Art. 40.09(13), supra. Admittedly, most of what is considered in the "interest of justice" is of a constitutional dimension; however, it is well established that due process forbids convicting a defendant on the basis of a coerced guilty plea. Pennsylvania v. Claudy, 350 U.S. 116, 76 S.Ct. 223, 100 L.Ed. 126 (1956); cf. Jackson v. U. S., 390 U.S. 570, 88 S.Ct. 1209, 20 L.Ed.2d 138 (1968). I cannot subscribe to the holding of the majority which would review *only* fundamental error in the "interest of justice." The effect of the holding today is to categorically deny review of Art. 26.13 cases in the "interest of justice." Such a conclusion is ludicrous in itself. Although procedural rules are a necessity, the blessings of efficiency cannot outweigh the afflictions of justice, especially where such constitutional rights are at stake. The overbroad rule announced by the majority is contrary to our entire concept of justice.

Art. 44.23, V.A.C.C.P., provides:

> "The Court of Criminal Appeals shall hear and determine appeals in criminal actions at the earliest time it may be done, with due regard to the rights of parties and proper administration of justice, and *no affirmance* or reversal of a case *shall be determined on mere technicalities* or on technical errors in the preparation and filing of the record on appeal." (Emphasis added)

The import of this Article, when read in conjunction with Art. 40.09(13), supra, is clearly that this Court should, above all else, strive to insure that justice is the end result of a criminal prosecution and that the defendant is afforded a fair trial under law.

As noted previously, it is a constitutionally protected right that a guilty plea be voluntarily entered. Accordingly, the Legislature has placed the affirmative duty on the trial judge to conduct an impartial and independent determination of the voluntariness of the guilty plea. Art. 26.13, supra. The holding of the majority would trans-

pose this duty to appellant's counsel to make complaint at trial. This can be readily seen by their conclusion that if no objection is made at the trial court level to the judge's failure to fully comply with the statute, nothing is presented for review. By relying on the adversary system, the majority have alleviated the duty placed on the trial judge by the Legislature to make this determination. This is directly contrary to the legislative intent of Art. 26.13, supra.

To adhere to the rule announced by the majority would be to ignore the mandates of Art. 26.13, supra; Art. 40.09(13), supra; and Art. 44.23, supra. I cannot sit idly by and watch a defendant be unwittingly stripped of his constitutional rights by his attorney's failure to object when the Legislature of this State has specifically provided for the trial judge to make this determination *sua sponte* before accepting the plea. I would continue to review such matters in the "interest of justice" even though it is not fundamental error.

For the foregoing reasons, I dissent. See the dissenting opinion in Ex Parte Taylor, Tex.Cr.App., 522 S.W.2d 479 (No. 49,443, delivered April 30, 1975).

ONION, P. J., joins in this dissent.