## W. D. SATTERWHITE V. STATE

No. 27,133. November 10, 1954
Appellant's Motion for Rehearing Denied
(Without Written Opinion) January 12, 1955

*Lattimore and Lattimore*, Ft. Worth, for appelant.

*Wesley Dice*, State's Attorney, Austin, for the state.

WOODLEY, Judge.

The complaint and information were drawn under that portion of Art. 527 V.A.P.C. which was added by the amendatory act of 1943 (Acts 48th Leg., p. 38, ch. 35, Sec. 1) and alleged that appellant did unlawfully "engage in the showing and exhibition of lewd and lascivious motion pictures." Appellant was tried under said information and found guilty and his punishment was assessed by the jury at a fine of $750.

The offense was charged in the exact language of the statute.

Some 200 persons viewed the motion pictures which were shown and exhibited at appellant's place of business. In drawing the complaint and information with these facts before him, it does not occur to us that it was necessary that the prosecuting officer drawing the pleading for the state name all or any one or more of the spectators.

The serious questions in the case are the sufficiency of the evidence to establish that appellant was connected with the exhibition and showing of the motion pictures which were admittedly shown and exhibited to some 200 spectators and which were admittedly lewd, lascivious and obscene, and whether appellant's defense was properly submitted in the court's charge.

Appellant was the lessee of the Skyliner Club and the separately built Skyliner Annex.

The obscene, lewd and lascivious motion pictures were shown and exhibited to spectators who were in attendance at a stag party at the Annex.

Appellant had a license to sell beer and was behind the bar in the annex while the pictures were being shown. The screen was in view of the bar and a witness testified that he saw appellant standing on some boxes at the end of the bar applauding as the show was going on.

Another officer testified that he saw appellant standing some 4 or 5 feet from one Mazzo, who was operating the projector.

Mazzo testified for the defendant. According to his testimony the annex was rented by appellant to him for the period of from 8 to 10 o'clock P.M. on November 13, 1953, for $50, for the purpose of a stag party to be given for the employees of Bell Aircraft Corporation.

Mazzo testified further that he owned and exhibited the films; that appellant did not know in advance that the motion pictures were going to be shown and had nothing to do with exhibiting them; that he did not see or hear appellant applaud, and if he had, such would not have encouraged him in showing

the pictures; and that appellant at no time made any effort or request to stop the showing of the three films.

The charge authorized a conviction upon a finding that appellant acted alone or together with Mazzo, or upon a finding that appellant aided Mazzo by act or encouraged him by words or gestures, knowing his unlawful intent.

Appellant was the person in charge of the premises and was present at the time the lewd pictures were being shown. He was also present during the interval between the showing of the second and third films when other immoral, indecent and unlawful performances by men and women were presented before the spectators.

The jury was not bound to accept Mazzo's testimony that he alone exhibited the motion pictures, and we would not be justified in setting aside its finding that appellant acted with Mazzo in such exhibition.

Appellant requested a number of special charges wherein he sought to have the jury instructed that certain bits of evidence which formed a part of the state's case were not of themselves proof that the accused aided or encouraged in the exhibition of the pictures such as the renting of the place without knowledge that it would be used to commit the offense, and the failure to object to or stop the showing of the films, or attempting to do so.

These special requested charges were properly refused as singling out certain evidence. The charges, if given, would have been upon the weight of the evidence.

The remaining requested charge would have instructed the jury to the effect that if appellant did not know prior to the showing of the pictures that they were to be shown and that appellant, upon learning of such showing, did not aid or encourage by act, word or gesture such showing, he should be acquitted.

This charge was no more than the converse of the law of principals as submitted and was covered in the court's charge.

There are a number of complaints regarding the admission and exclusion of evidence which are attempted to be raised by informal bills.

The statement of facts filed within the 90 days allowed by law contains no index to the objections and exceptions therein. Appellant has secured an index and has had it approved and filed as a supplemental statement of facts. The supplement, however, was not filed in the trial court until after the time for filing a statement of facts had expired, and cannot be considered.

Under our view of the evidence reversible error is not shown in the argument of state's counsel wherein he said that if appellant had not rented the building to Mazzo, who exhibited the lewd pictures, the exhibition would not have occurred, and that even though appellant did not know previously that lewd pictures would be shown, nonetheless he was present, "it was in his house, and he let it go on."

We have carefully examined the contentions of appellant regarding the sufficiency of the evidence and his claimed defenses, and confess that the questions posed are quite difficult.

The undisputed evidence from the standpoint of the state is that the offense was committed in the presence of many spectators in appellant's place of business and while he was conducting his business of selling beer in the same room. He saw the showing of the first film and the second; the intervening indecent exhibition and the third film, the showing of which was interrupted by the arrival of raiding officers. Not only did he fail to interfere, but at one time applauded.

It appears to be appellant's contention that this is insufficient to show his guilty connection with the exhibition of the lewd and lascivious motion pictures. His claimed defense was that he had rented the building to Mazzo; had no knowledge that lewd and lascivious motion pictures or any other pictures were to be shown and that after the showing began and he saw it, he did nothing to aid or encourage Mazzo.

Appellant seems to ignore the undisputed fact that Mazzo was not placed in exclusive possession of the building. Appellant was present and continued to conduct his business, the guests of the stag party and spectators at the showing of the motion pictures evidently being his customers. Under these facts we do not agree that the renting of the premises for a two-hour period without knowledge that the law was to be violated would relieve appellant of his responsibility as the owner in charge.

The judgment is affirmed.