**Frank George LONGORIA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 44433.**

Court of Criminal Appeals of Texas.

Feb. 16, 1972.

J. Mack Ausburn, San Antonio, G. Rudolph Garza, Jr., Corpus Christi, for appellant.

Franklin L. Smith, County Atty., Michael J. Westergren, Asst. County Atty., Corpus Christi, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION ON MOTION TO RE-INSTATE APPEAL

DOUGLAS, Judge.

This is an appeal from a conviction for knowingly exhibiting obscene matter. The jury assessed the punishment at six months in jail and a fine of $1000.00.

The prior opinion dismissing the appeal for lack of a sentence is withdrawn. A sentence has been made a part of the record, and the motion to reinstate the appeal is granted.

The sufficiency of the evidence is challenged.

On February 16, 1971, Sergeants Jack Featherston and John McDevitt of the Corpus Christi Police Department purchased tickets and entered the Texas Cinne Arts Theater in Corpus Christi. The officers viewed four films during a period of approximately two hours. As the officers were leaving the theater Sergeant Featherston asked who was the projectionist and appellant replied that he was.

At the trial the officers described several scenes from the films which showed nude bodies of men and women, acts of sexual intercourse, acts of oral sodomy, other sexual activity and a limited amount of

conversation. Neither the films themselves nor any portions or representations of them were introduced into evidence.

In his second ground of error appellant complains that the evidence is insufficient to show the material obscene according to Article 527, Section 1(A), Vernon's Ann. P.C., which provides:

" 'Obscene' material means material (a) the dominant theme of which, taken as a whole, appeals to a prurient interest; (b) which is patently offensive because it affronts contemporary community standards relating to the description or representation of sexual matters; and (c) which is utterly without redeeming social value."

We recognize the difficulty prosecutors face in seizing allegedly obscene motion pictures for introduction into evidence in light of the confusion resulting from several recent three-judge federal court decisions. In Stein v. Batchelor, 300 F.Supp. 602 (N.D.Tex.), where the judgment was vacated and remanded for reconsideration in light of Younger v. Harris on jurisdiction, sub nom. Dyson v. Stein, 401 U.S. 200, 91 S.Ct. 769, 27 L.Ed.2d 781 (1971) (per curiam), an adversary hearing on obscenity prior to seizure of films was said not to be a constitutional requirement. In Fontaine v. Dial, 303 F.Supp. 436 (W.D.Tex.1969), more than an ex parte judicial determination of probable cause was said to be required to obtain a search warrant and seize allegedly obscene motion pictures. In Newman v. Conover, 313 F.Supp. 623 (N.D. Tex.1970), Article 527, Section 9, V.A.P.C., was held unconstitutional for allowing the issuance of ex parte search warrants to seize allegedly obscene material without a prior adversary hearing. Yet in Academy, Inc. v. Vance, 320 F.Supp. 1357 (S.D.Tex. 1970), where the procedures followed to seize films did not include an adversary hearing, they were still held not to be so constitutionally suspect as to foreclose the possibility of a conviction. Nor was the

difficulty settled by State v. Scott, 460 S.W.2d 103 (Tex.S.Ct.1970), which refused to hold Article 527, Section 9, supra, unconstitutional for authorizing issuance of a search warrant for seizure of materials without a prior adversary hearing because the defendants were in no position to raise that issue. Neither is the problem of seizure the issue before us in the present case.

■■■ The issue before us is whether the testimony of two officers who viewed these pictures and then testified as to the contents of certain portions of them is sufficient evidence for a jury to reasonably conclude that these motion pictures are beyond a reasonable doubt obscene matter as defined by Article 527, Section 1(A), supra. We hold that it is not sufficient. See People v. Steinberg, 60 Misc.2d 1041, 304 N.Y.S.2d 858 (Co.Ct.1969). Even prior to the more stringent definition of obscenity in Article 527, Section 1(A), supra, either a portion of the film was shown to the trier of fact, Schumaker v. State, Tex.Cr.App., 256 S.W.2d 576, or the film was admittedly obscene, Satterwhite v. State, 160 Tex.Cr.R. 651, 273 S.W.2d 871. In Brown v. State, 167 Tex. Cr.R. 351, 320 S.W.2d 670, the jury viewed the movies but the cause was reversed because the record contained nothing to show what the jury saw and the evidence was, therefore, insufficient. It is necessary that the record contain sufficient evidence for this Court to make its own independent judgment. Hunt v. State, 475 S.W.2d 935 (1972).

We hold that the testimony of the officers describing the motion pictures is insufficient evidence for the jury or us independently to determine obscenity.

In view of our disposition of the case, the other grounds of error will not be discussed.

The judgment is reversed and the cause remanded.