**William E. SANDERS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 44755.**

Court of Criminal Appeals of Texas.

May 31, 1972.

Michael N. Buckley, Dallas, for appellant.

Jim D. Vollers, State's Atty., Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

Appellant was tried before the court and found guilty of knowingly exhibiting an obscene film in violation of Article 527, Vernon's Ann.P.C., a misdemeanor since it was his first conviction under said statute. Sentence was pronounced at 90 days in jail and a $200 fine. Imposition of sentence and judgment were suspended and appellant was placed on misdemeanor probation. Article 42.13, Vernon's Ann.C.C.P.

No briefs were filed, but there is fundamental error which requires reversal "in the interest of justice." Article 40.09 § 13, Vernon's Ann.C.C.P.

The State's case consisted of the testimony of a Dallas detective and police photographer who had paid admission to a local theater and the admission into evidence of sixteen black and white photographs of frames taken during the exhibition of the film. The photographs portray various kinds of heterosexual activity.

The allegedly obscene film appellant was found guilty of exhibiting was not introduced into evidence before the court as the trier of fact nor is it included in the appellate record. This omission compels reversal. Bryers v. State, 480 S.W.2d 712 (Tex. Cr.App.1972) ; Longoria v. State, 479 S.W. 2d 689 (Tex.Cr.App.1972).

The judgment is reversed and the cause remanded.