**Lucio SALDIVAR, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 44769.**

Court of Criminal Appeals of Texas.

June 7, 1972.

Neal E. Young, Merrill L. Hartman, Dallas, for appellant.

Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

ON APPELLANT'S MOTION TO REINSTATE THE APPEAL

DALLY, Commissioner.

A copy of the formal sentence entered by the trial court, originally omitted from the record, has now been transmitted and made a part of the record. The appellant's motion to reinstate the appeal is granted and the appeal will now be considered.

The appellant urges the insufficiency of the evidence to sustain the conviction because "the allegedly obscene motion picture films allegedly exhibited by appellant were not viewed in their entirety and in fact were not seen at all by the trial court, but instead the trial court and fact finder based its finding of obscenity on isolated still photographs taken of the motion pictures in question."

As in Bryers v. State, Tex.Cr.App., 480 S.W.2d 712 (1972) and Sanders v. State, Tex.Cr.App., 482 S.W.2d 208 (1972), the motion picture film upon which the conviction is based was not introduced into evidence in the trial court and is not included in the record.

The State offered the testimony of a detective assigned to the Vice Control Division of the Dallas Police Department. After he had purchased a ticket from the ap-

pellant, the officer saw the film which he described.

The State introduced six photographs of frames taken during the exhibition of the film. Some portray a nude male and female showing their genitalia, others show either actual or simulated heterosexual activity.

The evidence is insufficient to support the conviction. See Bryers v. State, *supra*, Sanders v. State, *supra*, and Longoria v. State, Tex.Cr.App., 479 S.W.2d 689 (1972).

The judgment is reversed and the cause remanded.

Opinion approved by the Court.