**Penny CUMMINGS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 44831.**

Court of Criminal Appeals of Texas.

June 7, 1972.

Mike Aranson, Dallas, for appellant.

Henry Wade, Dist. Atty., and W. T. Westmoreland, Jr., Asst. Dist. Atty., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

DAVIS, Commissioner.

This is an appeal from a conviction for exhibiting an obscene motion picture in violation of Article 527, Vernon's Ann.P.C. Trial was before the court upon a plea of not guilty. Punishment was assessed at a $50 fine.

The record reflects that lab technician Curvan and Officer Monaghen, of the Dallas Police Department, entered the Guild Arts Theater on Columbia Street in Dallas, on March 20, 1970, after purchasing tickets from appellant. Twenty-two black and white photographs of frames were taken during the exhibition of the film, portraying various kinds of sexual activity. Shortly after the officers left the theater, appellant was arrested and charged with the offense upon which conviction was had in the instant case.

Appellant contends that the evidence is insufficient to support the conviction.

The only evidence offered by the State at the trial was the testimony of lab technician Curvan and Officer Monaghen and the twenty-two random photographs taken during the exhibition of the film.

The question raised herein was fully discussed in an Opinion written by Presiding Judge Onion in Bryers v. State, Tex.Cr. App., 480 S.W.2d 712 (5–31–72). Under

the holding in Bryers, a conviction for exhibiting an obscene film cannot be sustained where the film itself is not introduced into evidence before the fact-finder in the trial court. Sanders v. State, Tex.Cr.App., 482 S.W.2d 208 (5–31–72); Longoria v. State, Tex.Cr.App., 479 S.W.2d 689 (2–16–72).

The judgment is reversed and the cause remanded.

Opinion approved by the Court.