**Ronald Lynn AUSTIN, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 09–88–131–CR.

Court of Appeals of Texas,
Beaumont.

April 19, 1989.

money to join, and then such member continuing to pay money monthly and *being required* to solicit four (4) other members, and those members *required* to solicit four (4) other members and this scheme continues through several levels with each recruiting member being promised a percentage of the monthly payments made by each member recruited....

The evidence is undisputed that at the time of his arrest, appellant was selling "memberships" in Jomar Distributing, Inc., the company by which he was employed. Several memberships were offered at various prices and with various reciprocal benefits. The membership level alleged in the information was one whereby members would pay $25 per month and in return receive the right to buy Jomar products at a discount, a percentage of membership fees of new members they recruited, and a commission on products sold by them or by those they recruited.

■ Appellant argues that the state failed to prove that members were "required to solicit four other members" as alleged in the information since there existed a possibility that a participant would pay his $25 fee and simply make purchases and/or receive sales commissions. We accept for the sake of argument that the allegations in dispute were descriptive of that which was legally essential to charging a crime and, as such, must have been proven by the state. *See Wray v. State*, 711 S.W.2d 631, 633 (Tex.Crim.App.1986). Read as a whole, the information alleges, in effect, that soliciation of new members was required to receive a percentage of those new members' monthly membership fees, which is the essence of an endless chain scheme. Although it could have been better worded, this information does not compel the state to prove that members were required to solicit others to retain their *membership* in the organization (as appellant argues), but rather that members were required to recruit new members to participate in the illegal, endless-chain-scheme aspect of the business. This the state ac-

David K. Boyer, Houston and Bruce W. Cobb, Beaumont, for appellant.

John R. DeWitt and Tom Maness, Beaumont, for appellee.

## OPINION

BURGESS, Justice.

Appellant was convicted by a jury of promoting an endless chain scheme under *TEX. PENAL CODE ANN. sec. 32.48* (Vernon 1974). The court assessed his punishment at sixty days in jail and a $300 fine.

In point of error one, appellant asserts there was a fatal variance between the information and the proof. The information alleged that appellant

intentionally and knowingly contrive[d], set up, propose[d], operate[d], promote[d], and participate[d] in an endless chain scheme, to-wit: offering membership in [appellant's] company by paying

complished. Point of error one is overruled.

Appellant next argues that the state failed to produce sufficient evidence that participants in the scheme were to receive "compensation" as required under section 32.48(a)(1) of the Penal Code. Section 32.-48 describes the offense of promoting an endless chain scheme:

(a) For the purposes of this section:

(1) "Endless Chain" means any scheme for the disposal or distribution of property whereby a participant pays a valuable consideration for the chance to receive compensation for introducing one or more additional persons into participation in the scheme or for the chance to receive compensation when a person introduced by the participant introduces a new participant.

(2) "Compensation" does not mean or include payment based on sales made to persons who are not participants in the scheme and who are not purchasing in order to participate in the scheme.

(b) A person commits an offense if he contrives, prepares, sets up, proposes, operates, promotes, or participates in an endless chain.

*TEX. PENAL CODE ANN. sec. 32.48(a) & (b)* (Vernon 1989).

Appellant spends a good deal of his brief arguing whether the negative definition of compensation under subsection (a)(2) should be classified as an "exception" or a "defense." *Cf. TEX. PENAL CODE ANN. secs. 2.02 & 2.03* (Vernon 1974). For the sake of argument, however, we accept that the state had the burden to show that participants in the scheme had purchased a chance to receive compensation other than commission from sales to the general public. We believe the state met that burden.

 Appellant seems to argue that since members could, for $25 per month, participate only in the legitimate aspect of the business, receiving only commissions, that Jomar's compensation structure falls outside the sanction of section 32.48(a)(1). Appellant's argument, however, ignores the fact that a Jomar member could also just as easily be compensated only for recruiting new members, without ever a product being sold to anyone or by anyone. Section 32.48(a)(2), of course, excludes as "compensation" commissions from sales to those who are not recruits or participants. If, however, a participant in the scheme receives any other type of compensation for recruiting others, the scheme falls within the proscriptions of section 32.48(a)(1). *TEX. PENAL CODE ANN. sec. 32.48(a)(1) & (2)* (Vernon 1989). Disregarding the possibility of receiving sales commissions, a Jomar member still could receive a percentage of monthly membership fees paid by those they recruited. This percentage of monthly membership fees does constitute "compensation" under section 32.48 since it is not exlucded by Section 32.48(a)(2). In other words, to escape criminal sanction imposed by section 32.48(a)(1), Jomar's compensation scheme would have to have been shown to consist *exclusively* of sales commissions as described above. Because it does not, Jomar Distributing falls within the definition of an endless chain scheme. *TEX. PENAL CODE ANN. sec. 32.48(a)(1) & (2)* (Vernon 1989). The practice commentary to section 32.48 confirms this result:

Apparently, the offense covers such schemes whether or not a participant also has the opportunity to sell some product and receive a commission for his and his recruits' sales to nonparticipants. If a participant only purchases the right to receive a commission on his or his recruits' sales of goods to nonparticipants (and nonrecruits) and receives no right to a fee for recruiting, however, Subsection (a)(2), when read with the definition of an endless chain, makes it clear that the operation is not covered.

Appellant's second point of error is overruled.

In point of error six, appellant maintains that the trial court erred in refusing to instruct the jury on appellant's mistake of fact defense. Section 8.02 of the Penal Code provides that "[i]t is a defense to prosecution that the actor through mistake formed a reasonable belief about a matter of fact if his mistaken belief negated the kind of culpability required for commission

of the offense." *TEX. PENAL CODE ANN. sec. 8.02(a)* (Vernon 1974). The record indicates that John Nunley, founder and chief executive officer of Jomar, consulted with attorneys when he first established the business. The attorneys were of the opinion that the structure was not an endless chain scheme. Appellant was informed by Nunley that the business was not an illegal chain scheme. Appellant argues this evidence entitled him to the following instruction:

> Members of the Jury, you are instructed that it is a defense to a prosecution for endless chain scheme that the Defendant formed a mistaken but reasonable belief about a matter of fact that negates the type of culpability required for the commission of the endless chain scheme. A reasonable belief is one that would be held by an ordinary and prudent person in the same or similar circumstances as the Defendant. Therefore, if you find from the evidence beyond a reasonable doubt that on or about September 22, 1987, in Jefferson County, Texas, the Defendant, Ronald Austin, committed the offense as alleged in the information contained on page 4 of the charge, of promoting an endless chain scheme, but you further find from the evidence that at the time the Defendant took this action he acted under the reasonable but mistaken belief that the Jomar Marketing scheme was not a prohibited endless chain scheme, or if the Prosecution has failed to persuade you beyond a reasonable doubt that these facts are untrue, you will acquit the Defendant and say by your verdict Not Guilty.

■ The defense of "mistake of fact" is based on the mistaken belief of the accused, and it looks to conduct of others only to the extent that any such conduct contributes to that mistaken belief. *Montgomery v. State*, 588 S.W.2d 950 (Tex.Crim. App.1979). Appellant testified at trial that he promoted memberships in Jomar Distributing, including representing to those present that they would be compensated in part with an "override bonus" for bringing in new members. An "override bonus" was the percentage of monthly member-

ship fees paid by those the member recruited. His position was that "[i]n my mind I wasn't doing anything illegal." Appellant was relying on another's mistake of law and was, thus, not entitled to an instruction under *TEX.PENAL CODE ANN. sec. 8.02* (Vernon 1974). Point of error six is overruled.

Appellant contends in point of error seven that the trial court erred in receiving into evidence irrelevant and prejudicial opinion testimony as to what constitutes an endless chain scheme. The testimony complained of was that of an investigator from the District Attorney's Office:

BY STATE'S ATTORNEY:

Q Mr. Hayes, what is an endless chain scheme?

[DEFENSE COUNSEL]: Objection. That calls for a conclusion of what the law is.

THE COURT: Sustained.

Q Mr. Hayes, do you have an idea in your own mind of what an endless chain scheme is?

[DEFENSE COUNSEL]: Objection. It's not relevant.

[STATE'S ATTORNEY]: Your Honor, I believe it is relevant.

THE COURT: Overruled. He can give his opinion.

A It's a scheme where a person becomes a member of a group which has a multi-level orgazation [sic], where each person recruits a number of other people as members. These people, in turn, recruit other people as members and these people, in turn, recruit other people as members and these people, in turn, recruit a like number of persons and members. And in theory, in some multi-level scheme organizations, about the fifteenth round, you exceed the population of the world, if all the people involved recruit all the members that they are expected to recruit.

■ Appellant argues that the state's witness was improperly allowed to give an opinion on whether appellant's conduct was illegal, citing *Longoria v. State*, 479 S.W.2d 689 (Tex.Crim.App.1972) and *Hop-*

*kins v. State,* 480 S.W.2d 212 (Tex.Crim. App.1972). Appellant, however, received all the relief he requested by his first objection, *Hopkins,* 480 S.W.2d at 216, and did not raise this contention in his second objection. *See Paster v. State,* 701 S.W.2d 843 (Tex.Crim.App.1985), *cert. denied,* 475 U.S. 1031, 106 S.Ct. 1240, 89 L.Ed.2d 348 (1986). Thus, nothing is presented for review. We also note, however, that the state's witness did not actually give an opinion as to whether appellant's conduct was prohibited as an endless chain scheme as appellant argues. Point of error seven is overruled.

In points of error three, four and five, appellant challenges section 32.48 as unconstitutionally vague and overbroad under the fourteenth amendment to the United States Constitution and article I, section 19 of the Texas Constitution and as violative of his rights of free speech and association under the first amendment to the United States Constitution.

■ Appellant first argues that the "confusing negative definition of 'compensation'" under section 32.48(a)(2) requires that "men of common intelligence ... must guess as to its meaning and differ as to its application." *Ex parte Chernosky,* 153 Tex.Crim. 52, 217 S.W.2d 673 (1949). We disagree. Section 32.48(a)(2) very clearly excludes as "compensation" (1) sales commissions (2) from sales made to people who are not participating in the business or scheme (3) and who are not purchasing in order to participate in the business or scheme. Read in conjunction with subsection (a)(1), if a participant purchases a chance to receive any other type of compensation, then the scheme falls with the prohibition of the statute. Thus, if the *only* compensation a participant receives is sales commissions from sales to the general public, not participants or recruits, then the scheme is not an illegal endless chain. Section 32.48 is not void for vagueness.

■ Appellant's argument that section 32.48 is facially overbroad must also fail. Appellant seems to argue that section 32.48 would deter the free speech and association of other legitimate businesses such as Amway, Mary Kay and Herbalife. As the United States Supreme Court has noted, the overbreadth doctrine applies "weakly, if at all" in the ordinary commercial context since commercial speech, is not as easily deterred and, thus, does not require the additional protection. *See Ohralik v. Ohio State Bar Ass'n,* 436 U.S. 447, 462, 98 S.Ct. 1912, 1921, 56 L.Ed.2d 444 (1978). Even if an overbreadth analysis were appropriate in this case, appellant has failed to show that section 32.48 could sweep within its proscriptions any protected commercial speech or association. *Cf. Broadrick v. Oklahoma,* 413 U.S. 601, 93 S.Ct. 2908, 37 L.Ed.2d 830 (1973). Appellant produced no real evidence regarding the compensation structures of these other multi-level marketing schemes. As a result, it is impossible to determine whether they were indeed legitimate businesses and whether they would be proscribed by section 32.48. The purpose of section 32.48 is to prohibit fraud, and it is narrowly drawn to accomplish that purpose. The state does not lose its power to regulate commercial activity deemed harmful to the public simply because speech is a part of that activity. *Clark v. State,* 665 S.W.2d 476, 482 (Tex. Crim.App.1984). Points of error three, four and five are overruled.

The judgment of the court below is affirmed.

AFFIRMED.