**Richard GALLEGOS, Jr., Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 01–91–00006–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

April 16, 1992.

Michael E. Turner, Baytown, for appellant.

Mike Little, Dist. Atty., Allan McGraw, Asst., for appellee.

Before SAM BASS, COHEN and WILSON, JJ.

## OPINION

SAM BASS, Justice.

A jury convicted appellant, Richard Gallegos, Jr., of bail jumping and failing to appear. After appellant pled "true" to an enhancement paragraph, the jury assessed punishment at seven-years confinement and a $10,000 fine.

We reverse and remand.

Appellant was found guilty of possession of more than four ounces, but less than five pounds, of marihuana on November 2, 1988. He received a five-year sentence. Appellant gave notice of appeal and posted appeal bond. The terms of the appeal bond were that appellant live with his mother in Slidell, Louisiana. In the event his conviction was affirmed on appeal, he was required to return to Chambers County.

This Court affirmed appellant's conviction. 776 S.W.2d 312. On April 17, 1990, the court-coordinator in the 344th District Court mailed appellant and his bondswoman a copy of the setting order, requiring appellant to appear in the Chambers County court on May 3, 1990. Appellant's bondswoman testified that sometime in April 1990, she and appellant talked over the telephone. During that conversation, appellant made it clear that he was aware of the May 3 setting. Nevertheless, appellant failed to appear in the 344th District Court on May 3, 1990. The district clerk issued a capias for appellant's arrest. Appellant was arrested in New Orleans, Louisiana, and extradited to Texas.

In his first point of error, appellant claims the trial court erred by excluding evidence that would have shown appellant had a reasonable excuse for not appearing on May 3, 1990. Appellant made a bill of exception explaining that he did not appear because his Louisiana lawyer had advised him not to do so.

The penal code provides:

(a) A person lawfully released from custody, with or without bail, on condition that he subsequently appear commits an offense if he intentionally or

knowingly fails to appear in accordance with the terms of his release.

. . . . .

(c) It is a defense to prosecution under this section that the actor had a reasonable excuse for his failure to appear in accordance with the terms of his release. TEX.PENAL CODE ANN. § 38.11 (Vernon 1989).

This statute provides for the introduction of evidence explaining appellant's failure to appear. This is the only means by which the finder of fact can determine if the excuse is "reasonable." In addition to submitting the reasonable excuse issue to the jury, the court should have charged the jury that if it had reasonable doubt on the issue of excuse, appellant must be acquitted.[1] *See* TEX.PENAL CODE ANN. § 2.03(d) (Vernon 1974). We hold that if a jury believes or has a reasonable doubt that an ordinary and prudent person in the same or similar position as appellant would have failed to make a court appearance in reliance on the advice of counsel, and if the jury believes or has a reasonable doubt that appellant actually received such advice, then appellant has a reasonable excuse for his failure to appear under section 38.11(c), and the jury should find him not guilty.

■ The State is correct in its assertion that reliance upon the advice of counsel does not constitute a permissible mistake of law. It is no defense to prosecution that the actor was ignorant of the provisions of any law, unless he acted in reasonable reliance upon an official statement of the law by an administrative agency or an interpretation of the law found in a court opinion. TEX.PENAL CODE ANN.

§ 8.03(a), (b) (Vernon 1974). Appellant relied upon the advice of his attorney. Because his mistake of law was not based upon an official statement or interpretation of the law by a court or an administrative agency, he is not entitled to a mistake of law defense. TEX.PENAL CODE ANN. § 8.03(b) (Vernon 1974).

■ Furthermore, appellant is not entitled, under this evidence, to rely upon a mistake of fact defense. It is a defense to prosecution that the actor, through mistake, formed a reasonable belief about a matter of fact, if his mistaken belief negated the kind of culpability required for commission of the offense. TEX.PENAL CODE ANN. § 8.02(a) (Vernon 1974). However, a defendant who relies upon another's mistake of law is not entitled to raise a mistake of fact defense. *Austin v. State*, 769 S.W.2d 369, 372 (Tex.App.—Beaumont 1989, pet. ref'd). In *Austin*, appellant relied upon an attorney's opinion that his business did not constitute an endless chain scheme, prohibited by TEX.PENAL CODE ANN. § 32.48 (Vernon 1989). When the structure was found to be an endless chain scheme, appellant requested a jury instruction on mistake of fact. The court held that an attorney's mistake of law, even if believed and relied on by a defendant, does not entitle him to an instruction on mistake of fact. *Austin*, 769 S.W.2d at 372.

The case before us is distinguishable from *Austin*. In this case, appellant is raising neither a mistake of fact nor a mistake of law defense. Instead, he is relying upon the unusual "reasonable excuse" defense provided by section 38.11(c) of the penal code. The endless chain

---

1. An appropriate jury instruction on the issue of reasonable excuse would be:

MEMBERS OF THE JURY:

You are instructed that it is a defense to failing to appear in accordance with the terms of release, that the person failing to appear had a reasonable explanation for such failure. A "reasonable explanation" is one that would be advanced by an ordinary and prudent person in the same circumstances as the person offering the explanation.

Therefore, if you find from the evidence beyond a reasonable doubt that on

___, 19__, the defendant intentionally and knowingly failed to appear in accordance with the terms of his/her release, but further find from the evidence that the defendant's explanation of this failure to appear, to wit: ___ (*set forth explanation offered*), is a reasonable explanation, or if the prosecution has failed to persuade you beyond a reasonable doubt that this explanation is unreasonable, you will acquit the defendant and say by your verdict "not guilty."

6 M. TEAGUE, TEXAS CRIMINAL PRACTICE GUIDE § 133.-110[2] (1992).

scheme provision, addressed in *Austin,* has no such defense.

The first point of error is sustained.

Based upon the disposition of the first point of error, we will not address appellant's second point of error.

The judgment of the trial court is reversed and the cause remanded for a new trial.