**Noe Carlos BARRERA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 13–97–188–CR, 13–97–189–CR.**

Court of Appeals of Texas,
Corpus Christi.

Sept. 3, 1998.

Rehearing Overruled Nov. 5, 1998.

---

666

Mark A. Di Carlo, G. Rudolph Garza, Jr., Corpus Christi, for Appellant.

Mark W. Eggert, Asst. County Atty., Sinton, for State.

Before SEERDEN, C.J., and YANEZ and CHAVEZ, JJ.

## OPINION

CHAVEZ, Justice.

In this consolidated appeal, Noe Barrera appeals from convictions for telephone harassment[1] and bail jumping.[2] Both cases were tried without a jury. In three points of error, appellant contends that he was denied effective assistance of counsel, he was denied due process because the trial court conducted a single punishment hearing for the two offenses, and that the evidence was insufficient to support the bail jumping conviction. We affirm.

The right to counsel is the right to reasonably effective assistance of counsel. *Strickland v. Washington,* 466 U.S. 668, 686, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Our scrutiny of counsel's performance must be highly deferential. We must determine whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result. *Id.* Therefore, appellant must show that trial counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment, and that counsel's deficient performance prejudiced him. *Strickland,* 466 U.S. at 687, 104 S.Ct. 2052.

---

1. TEX. PEN.CODE ANN. § 42.07 (Vernon Supp.1998).

2. TEX. PEN CODE ANN. § 38.10 (Vernon 1994).

Barrera contends that his trial counsel failed to file any pre-trial motions to suppress evidence or to require the State to give notice of other crimes or bad acts the State might seek to introduce. Specifically, appellant contends that his trial counsel should have tried to suppress evidence of traces of phone calls to the complainant's home. Appellant further contends that his counsel should have objected to various hearsay evidence during the trial and to the trial judge's intention to conduct the punishment hearing for the telephone harassment charge at the same time as the punishment hearing for the bail jumping charge.

The State accused Barrera of making telephone calls to Shelby Gay Russell, the mother of one of Barrera's acquaintances, with the intent to harass, annoy, alarm, abuse, torment or embarrass her. Russell testified that she initially began receiving the telephone calls in the fall of 1993, and that with time they became so constant that she would leave her home to avoid the calls. After notifying the telephone company of the calls, she was told to write down the times that the calls were made so that the information could be given to the phone company's security division. The phone company then traced the calls.

■ Appellant contends that his trial counsel should have filed a pre-trial motion to suppress evidence of the trace. When the trace was mentioned during the trial, appellant's counsel objected on the ground that a proper predicate had not been laid, and the objection was sustained. The prosecutor then attempted to circumvent the objection by asking the investigating officer about what individuals he was led to investigate based on the trace. Appellant's counsel again objected, but this time the objection was overruled. We see no reason why trial counsel needed to object to this evidence by a pre-trial motion rather than waiting to lodge objections during the trial. We find nothing deficient regarding counsel's performance with regard to evidence of the phone trace.

■ Appellant contends that his trial counsel should have objected to Russell's testimony regarding notes she made of the caller's remarks during the phone calls she received. Appellant contends that a proper groundwork was not laid for admission of this evidence as a recorded recollection under rule of evidence 803(5).[3] The "recorded recollection" provision in rule 803(5) is an exception to the general prohibition on hearsay. We do not agree that these notes constituted hearsay, and therefore it was not necessary to establish any of the hearsay exceptions. Hearsay is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted. TEX.R. EVID. 801(d). Russell's notes recorded the things said to her by the harassing caller. The comments were not entered into evidence to prove the truth of the matters asserted. Whether such statements were truthful was not at issue. For example, the caller told Russell "I love you" and "I want to be with you."[4] Evidence that appellant made such statements, whether the sentiments expressed therein were true or not, was probative that appellant intended to harass, annoy, alarm, abuse, torment or embarrass Russell. The failure of trial counsel to object to admissible evidence does not constitute ineffective assistance of counsel. *McFarland v. State*, 845 S.W.2d 824, 846 (Tex.Crim.App.1992).

■ Appellant also contends that Russell's written notes should not have been admitted as an exhibit without objection, because, under rule 803(5), only an adverse party may offer such a document into evidence. How-

---

3. This case was tried while the old Texas Rules of Criminal Evidence were still in effect. As of March 1, 1998, the Texas Rules of Criminal Evidence and Texas Rules of Civil Evidence have been consolidated into the Texas Rules of Evidence. The change has no substantive impact on this case. Therefore, although the old Texas Rules of Criminal Evidence apply to this case, we cite to the new Texas Rules of Evidence.

4. Russell's notes also reflect other statements that are more obscene in nature and would have been far more troubling for the recipient. As the sufficiency of the evidence showing that the calls were intended to harass, annoy, alarm, abuse, torment or embarrass is not at issue, we need not examine in detail the full extent of the caller's obscenity.

ever, rule 803(5) does permit either party to have the document read into evidence, which could have been done if appellant's attorney had objected to the exhibit. Tex.R. Evid. 803(5). We see no prejudice to the appellant resulting from his trial counsel's failure to object to this exhibit.

■ Appellant identifies several other instances where he argues a hearsay objection should have been made. Both Russell and an investigator testified regarding an incident where Russell's husband spoke with the harassing caller and identified the caller's voice as appellant's. Russell's husband also testified about this incident. Appellant cannot claim that he was harmed by his trial counsel's failure to object to evidence that was later admitted in an unobjectionable manner. Similarly, appellant was not harmed by the investigator's testimony regarding what appellant's apartment manager told her, when the apartment manager later took the stand and testified to the same matters related by the investigator.

■ Appellant contends that his trial counsel erred in accepting the trial structure suggested by the trial judge, where separate guilt/innocence phases would be held, and then a single punishment hearing would be held. While appellant may have been entitled to reject this procedure, we fail to see how appellant was prejudiced by his counsel's acceptance of it. This case was not tried before a jury but rather before a judge, who, presumably, kept the two charges mentally segregated. *See Tolbert v. State,* 743 S.W.2d 631, 633 (Tex.Crim.App.1988) (strong presumption exists that trial judge considers only admissible evidence in bench trial).

Appellant complains that his trial counsel failed to prevent the mention of appellant's past criminal record during his trial on the bail jumping charge. These extraneous offenses were mentioned in an excerpt from a habeas corpus proceeding pertaining to the bail jumping charge against appellant. This excerpt was offered into evidence as an exhibit by the State. The excerpt contains an objection that *was* made by appellant's trial counsel to the questioning regarding past offenses during the habeas corpus proceeding. This objection was overruled by the same trial judge who presided over the eventual trial on the bail jumping charge. Portions of the excerpt were arguably helpful to the appellant, because it was during that hearing that appellant developed his defensive theory that he had mistakenly thought the trial would be postponed or the charge dismissed.

■ Appellant also complains that his trial counsel should have filed a pre-trial motion for notice of extraneous offenses that would be introduced by the State. Appellant has not demonstrated how he would have benefitted from such a motion. Here as well, we presume that the trial judge did not permit himself to be influenced by suggestions that the appellant was guilty of other crimes when deciding whether appellant was guilty of the bail jumping charge actually on trial. *Tolbert,* 743 S.W.2d at 633.

■ Finally, appellant also contends that his trial counsel was deficient for failing to call any witnesses or move for a directed verdict. A defendant may base an ineffective assistance claim on an attorney's failure to present witnesses only if the defendant can show that the witnesses were available and their testimony would have benefitted the defendant. *Hunnicutt v. State,* 531 S.W.2d 618, 625 (Tex.Crim.App.1976). Appellant has failed to include any indication in the record of any witnesses that would have been available to testify on appellant's behalf, or what their testimony would have been. Regarding appellant's failure to move for a directed verdict, we note that the trial judge ultimately ruled that the State had proven its case beyond a reasonable doubt. Under such circumstances, a motion for directed verdict would be futile, and no prejudice results from the failure to urge such a motion.

■ We conclude that the only area where appellant has arguably identified deficient assistance from his trial counsel was in the failure to object to the mention of extraneous offenses in the excerpt from the habeas corpus proceeding. But, we have also noted the strong presumption that the trial judge did not permit himself to be swayed by mention of extraneous offenses when passing

on the issues before him. Any error by trial counsel in failing to object to the excerpt did not so undermine the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result, and does not amount to errors so serious that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland,* 466 U.S. at 686–87, 104 S.Ct. 2052. Appellant's first point of error is overruled.

In his second point of error, appellant argues that his due process rights were violated when the trial court conducted one punishment hearing for two separate convictions from two separate trials. A defendant may be prosecuted in a single criminal action for all the offenses arising out of the same criminal episode. TEX. PEN.CODE ANN. § 3.02(a) (Vernon 1994). Multiple offenses arise out of the same criminal episode if the offenses are committed pursuant to the same transaction, multiple transactions that are part of a common scheme, or if the offenses are repeated commissions of the same or similar offenses. TEX. PEN.CODE ANN. § 3.01 (Vernon 1994). The offenses in this case did not arise from the same criminal episode. However, the trial court discussed its intention to conduct a single punishment hearing for both offenses with both appellant and his trial counsel, and they both consented to this procedure. Appellant contends that his constitutional due process rights were violated by this procedure, and that due process rights may not be waived.

■ Even many constitutional rights may be waived by failure to object at trial. *Boulware v. State,* 542 S.W.2d 677, 682 (Tex.Crim. App.1976). The rights of an accused are separated into three categories with regard to waiver of those rights: (1) absolute requirements and prohibitions which cannot be waived; (2) rights of litigants which must be implemented by the system unless expressly waived; and (3) rights of litigants which are to be implemented upon request. *Marin v. State,* 851 S.W.2d 275, 279 (Tex.Crim.App.

1993). No case has specifically addressed the proper waiver category for the right to separate trials on offenses not arising from the same criminal episode. We believe this right is properly placed in the second category of rights which must be implemented unless expressly waived.

■ Where two offenses that do not arise from the same criminal episode are tried together, the defendant has the option of withholding an objection at trial and urging error on appeal. *Coleman v. State,* 788 S.W.2d 369, 372 (Tex.Crim.App.1990). Therefore, the right to separate trials for offenses not arising from the same criminal episode does not fit into category three, where a right is available only upon request.[5] Nor does this right fit into category one, where no waiver is permitted. *Marin* explained that category one was comprised of rights that are "so fundamental to the proper functioning of our adjudicatory process" that a rule of absolute prohibition is warranted. *Marin,* 851 S.W.2d at 278. We do not believe the right to separate trials on offenses not arising from the same criminal episode is "so fundamental to the proper functioning of our adjudicatory process" that a rule of absolute prohibition is warranted. Therefore, we conclude that appellant could waive his right to separate trials on offenses not arising from the same criminal episode, and that appellant's consent to the procedure used in this case waived error on appeal. Appellant's second point of error is overruled.

■ Appellant's third point of error complains of the sufficiency of the evidence supporting his conviction on the "bail jumping" offense. Appellant does not specify whether he is alleging factual or legal insufficiency. The standard of review for challenges to the legal sufficiency of the evidence in criminal cases is that set forth in *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). The *Jackson* standard inquires whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the

---

5. In a case where two offenses from the same criminal episode are sought to be tried together, the defendant may obtain a severance by making a timely request. *Coleman v. State,* 788 S.W.2d 369, 371 (Tex.Crim.App.1990). This is category three in the *Marin* classification, a right which is to be implemented upon request.

essential elements of the crime beyond a reasonable doubt. *Jackson,* 443 U.S. at 319, 99 S.Ct. at 2789. The verdict may be set aside pursuant to a factual sufficiency challenge only if, after viewing all the evidence without the prism of "in the light most favorable to the prosecution," it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *Clewis v. State,* 922 S.W.2d 126, 132–33 (Tex.Crim.App. 1996). We hold that the evidence was both legally and factually sufficient to support the conviction.

The offense of bail jumping is committed when a person lawfully released from custody on condition that he subsequently appear intentionally or knowingly fails to appear in accordance with the terms of his release. TEX. PEN.CODE ANN. § 38.10(a) (Vernon 1994). It is a defense to prosecution that the actor had a reasonable excuse for his failure to appear. TEX. PEN.CODE ANN. § 38.10(c). Appellant failed to appear for a trial setting on March 14, 1995. Appellant complains that there was insufficient evidence to establish that he "intentionally or knowingly" failed to appear, or to negate his claim of a "reasonable excuse."

The State introduced into evidence a copy of the notice of the trial setting that was given to appellant. Appellant's initials appear on the notice, and appellant admitted initialing the notice. Appellant contends that his attorney had given him the mistaken impression that "there was a good chance" the case against him would be dismissed, and that "this" (presumably the March 14, 1995 trial setting) "was supposed to be reset." Based on his expectation that there would not be a trial on March 14, 1995, appellant went on a trip that caused him to be out of town that day.

We hold that appellant's acknowledgment of the notice of the trial setting was sufficient to establish that his failure to appear was done intentionally or knowingly and without a reasonable excuse. Appellant cannot rely on his conversations with his attorney to excuse his failure to appear. First of all, his attorney never indicated that his duty to appear for the trial setting had definitely been removed, only that there was "a good chance," of dismissal or, apparently in the alternative, the trial was "supposed to be reset." Even if appellant's attorney had unequivocally informed him that he need not appear, incorrect legal advice is not sufficient to establish a defense of mistake of law or mistake of fact. TEX. PEN.CODE ANN. § 8.03 (Vernon 1994);[6] *Gallegos v. State,* 828 S.W.2d 577, 579 (Tex.App.—Houston [1st Dist.] 1992, no pet.); *Austin v. State,* 769 S.W.2d 369, 372 (Tex.App.—Beaumont 1989, pet. ref'd). Appellant's third point of error is overruled.

The judgment of the trial court is affirmed.

---

**6.** Although section 38.10(c) speaks of a "reasonable excuse" rather than a "mistake of fact" or "mistake of law," we believe the same standard should apply to all these provisions. The "mistake of fact" and "mistake of law" statutes speak of a *"reasonable* belief" of the actor that is actually mistaken. TEX. PEN.CODE ANN. §§ 8.02—03 (Vernon 1994). The same standard of "reasonableness" should apply to an excuse based on a mistake of law or fact under section 38.10 as does for mistakes of law or fact under sections 8.02 and 8.03.