NUMBER 13-06-00607-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


PATRICK CAVELL, A/K/A PATRICK LOVELL, Appellant,


v.


THE STATE OF TEXAS, Appellee.

 


On appeal from the 148th District Court of Nueces County, Texas.

 


MEMORANDUM OPINION


Before Chief Justice Valdez and Justices Garza and Benavides


Memorandum Opinion by Chief Justice Valdez
 


 Appellant, Patrick Cavell, a/k/a Patrick Lovell, has appealed from the revocation of
his community supervision for the underlying offense of possession of methamphetamine. 
See Tex. Health & Safety Code Ann. § 481.102(6) (Vernon Supp. 2006), § 481.115(a),
(c), (Vernon 2003). After an open plea of true to three allegations contained in the State's
motion to revoke, Cavell was sentenced by the court to four years' imprisonment. We
affirm.I. Analysis

 By his sole point of error, appellant contends the sentence imposed by the trial court
is disproportionate to the offense, citing Solem v. Helm, 463 U.S. 277 (1983). The crux of
appellant's argument is that it is within the court's discretion to consider the proportionality
of the sentence imposed, and also to review the sentence to make sure it passes
constitutional "muster." 

 Appellant is raising the issue for the first time on appeal. In order to bring such a
complaint, appellant must have objected to the sentence at trial, Tex. R. App. P. 33.1; see
Rhoades v. State, 934 S.W.2d 113, 120 (Tex. Crim. App. 1996), but the record indicates
that he failed to do so. (1) Because appellant failed to object in a timely manner at
sentencing, appellant did not preserve the issue on appeal. See Cavazos v. State, 904
S.W.2d 744, 748 (Tex. App.-Corpus Christi 1995, pet. ref'd); see also Ortiz v. State, No.
13-02-336-CR, 2003 Tex. App. LEXIS 7142, at *7 (Tex. App.-Corpus Christi Aug. 21,
2003, pet. ref'd) (mem. op., not designated for publication). 

 Even if appellant had properly preserved this point of error on appeal, the sentence
is not cruel and unusual. Texas courts have traditionally held that, as long as the
punishment assessed is within the range prescribed by the Legislature in a valid statute,
the punishment is not excessive. See Jordan v. State, 495 S.W.2d 949, 952 (Tex. Crim.
App. 1973); Trevino v. State, 174 S.W.3d 925, 928 (Tex. App.-Corpus Christi 2005, pet.
ref'd). Appellant was convicted of possessing between one and four grams of
methamphetamine, a third degree felony that carries a penalty between two to ten years'
imprisonment. Tex. Health & Safety Code Ann. §§ 481.102(6), 481.115(a), (c). As
appellant's sentence was four years' imprisonment, well within the ten-year limit,
appellant's punishment is not prohibited as cruel and unusual. 

 Despite the fact that appellant did not properly preserve this point of error on appeal,
appellant has asked this Court to perform a Solem test (2) to determine if his sentence is
proportional to his crime and does not run afoul of the Eighth Amendment to the United
States Constitution. See Solem, 463 U.S. at 292. However, as the State properly points
out, this Court has repeatedly questioned Solem's viability and, albeit hesitantly, has
refused to apply Solem without some sort of modification. See Trevino, 174 S.W.3d at 928
(citing McGruder v. Puckett, 954 F.2d 313, 315-16 (5th Cir. 1992) (discussing the various
opinions issued in Harmelin v. Michigan, 501 U.S. 957, 111 (1991) and their impact on the
Solem decision)); Sullivan v. State, 975 S.W.2d 755, 757-58 (Tex. App.-Corpus Christi
1998, no pet.) (discussing the implications of the Harmelin opinion and reviewing the
proportionality of appellant's sentence under the Solem and McGruder tests); see also
Burnett v. State, No. 13-05-387-CR, 2006 Tex. App. LEXIS 6068, at *4 (Tex. App.-Corpus
Christi July 13, 2006, pet. ref'd) (mem. op., not designated for publication) (same). 

 Our sister courts, on the other hand, have expressly adopted the Fifth Circuit's
McGruder proportionality analysis. (3) See Moore v. State, 54 S.W.3d 529, 542 (Tex.
App.-Fort Worth 2001, pet. ref'd); Bradfield v. State, 42 S.W.3d 350, 353 (Tex.
App.-Eastland 2001, pet. ref'd); Hicks v. State, 15 S.W.3d 626, 632 (Tex. App.-Houston
[14th Dist.] 2000, pet. ref'd); Dunn v. State, 997 S.W.2d 885, 891-92 (Tex. App.-Waco
1999, pet. ref'd); Jackson v. State, 989 S.W.2d 842, 845 (Tex. App.-Texarkana 1999, no
pet.); Mathews v. State, 978 S.W.2d 665, 669 (Tex. App.-Beaumont 1996, pet. ref'd);
Puga v. State, 916 S.W.2d 547, 549-50 (Tex. App.-San Antonio 1996, no pet.); Lackey
v. State, 881 S.W.2d 418, 421 (Tex. App.-Dallas 1994, pet. ref'd). (4) We note, however,
that although this Court has hinted at adopting McGruder, it has never explicitly done so. 
See Trevino, 174 S.W.3d at 928-29 ("This Court has been cautious about applying the
McGruder analysis"); see also Salinas v. State, No. 13-99-226-CR, 2000 Tex. App. LEXIS
6005, at *11-12 (Tex. App.-Corpus Christi Aug. 31, 2000, pet. ref'd) (mem. op., not
designated for publication) ("This Court has not explicitly decided whether to follow the
McGruder test or to retain the old Solem test in cases raising the issue of disproportionality
of the sentence imposed"). 

 In the present case, appellant has failed to preserve his proportionality issue;
therefore, its application need not be decided. Thus, we continue to leave open the issue
of whether the proportionality principle still binds this Court. Because appellant has failed
to preserve his complaint on appeal, and because his sentence fell within the limits
prescribed by a valid statute, we overrule his sole point of error and affirm the judgment of
the trial court. 



 

 ROGELIO VALDEZ

 Chief Justice



Do not publish. 

Tex. R. App. P. 47.2(b).


Memorandum Opinion delivered and filed 

this the 8th day of November, 2007.


 





1. Appellant made no objection to his sentence to the trial court, either at the time of sentencing or in
any post-trial motion, on any grounds, nor did he ever lodge an objection, under constitutional or other
grounds, to the alleged disparity, cruelty, unusualness or excessiveness of the sentences. Even constitutional
claims can be waived by failure to object. Smith v. State, 721 S.W.2d 844, 855 (Tex. Crim. App. 1986). 
2. Solem suggests, as a three-part test, that an appellate court consider: (1) the gravity of the offense
compared with the harshness of the penalty; (2) the sentences imposed for similar crimes in the same
jurisdiction; and (3) the sentences imposed for commission of the same crime in other jurisdictions. Solem
v. Helm, 463 U.S. 277, 292 (1983). 
3. The McGruder court, analyzing the Supreme Court's splintered action in Harmelin v. Michigan, 501
U.S. 957, 965 (1991), concluded that "this much is clear: disproportionality survives, Solem does not." 
McGruder v. Puckett, 954 F.2d 313, 316 (5th Cir. 1992). The McGruder court, drawing on one of the three
opinions issues in Harmelin, refined the Solem analysis to explicitly require a threshold comparison of the
harshness of the sentence and the gravity of the offense, and then only if the court inferred that the sentence
is grossly disproportionate would it consider the remaining two factors enunciated by Solem. McGruder, 954
F.2d at 316. 
4. We know of only one opinion that seemed to reject any support for the proportionality principle. In
Wise v. State, 223 S.W.3d 548 (Tex. App.-Amarillo 2007, pet. ref'd), the appellant, relying on Solem,
maintained that his sentence was grossly disproportionate to the facts in violation of the Eighth Amendment
right to be free from cruel and unusual punishment. Although the court rejected appellant's contention on
procedural grounds (holding that the appellant failed to preserve his complaint), in a footnote, the court noted
that appellant's reliance on Solem was incorrect, noting that Solem is "no longer controlling following the
decision in Harmelin v. Michigan, 501 U.S. 957 (1991)." Id. at 554, n.3. In reaching this conclusion, the court
quoted the following language from Harmelin: "Solem was simply wrong; the Eighth Amendment contains no
proportionality guarantee." Id. (emphasis added).